49 So.2d 527 (1950)
CITY OF PENSACOLA
v.
MAXWELL.
Supreme Court of Florida, en Banc.
December 19, 1950.
F. Churchill Mellen, Pensacola, for appellant.
C. Hobart Villar and Jones & Latham, all of Pensacola, for appellee.
SEBRING, Justice.
The Civil Service Board of the City of Pensacola dismissed the appellee from the service of the City upon a finding that he had been guilty of attempting to extort money from the proprietor of a veterans' organization which conducted a social club in Pensacola, under a threat of prosecuting the proprietor for the commission of a crime and a promise of immunity from prosecution upon payment of the money demanded. The appellee sought a review of the ruling by certiorari. Upon a motion to quash the writ of certiorari the Circuit Court of Escambia County entered the order appealed from, which, in part, is as follows:
"But for the unanimous decision of our Supreme Court in Lorenzo v. Murphy, 159 Fla. 639, 32 So.2d 421, 424, quoting from and inferentially adopting as a rule of law *528 in this state the following expression from Crandall's Common Law Practice, p. 654: 
"`Certiorari is not limited to an inquiry as to jurisdiction but extends to the manner in which that jurisdiction is exercised. It does not review questions of fact, yet the court may, on certiorari, examine the evidence and determine whether there is sufficient evidence to justify the finding of the inferior court, and such, it is submitted, has been the practice of the Supreme Court of this state, notwithstanding its averments to the contrary.'" (Italics supplied):  this court's inquiry would be limited to an inspection of the record for the purpose of ascertaining whether or not the Civil Service Board proceeded within the authority conferred by controlling law. Since, however, the scope of the writ chosen as the vehicle by which the case has been brought here has been broadened, as indicated by the case cited, the evidence adduced upon the trial has also been examined for the purpose of determining whether or not the charges have been sustained by a preponderance of the evidence. Hammond v. Curry, 153 Fla. 245, 14 So.2d 390. Headnote 3.
"Much of the evidence was entirely irrelevant and immaterial to the issue involved and served only to encumber the record. Whether and to what extent, if any, the judgment of the tribunal whose findings are complained of was influenced by these or other extraneous matters the court ventures no opinion, but after a careful and painstaking study of the entire record is constrained to the view that the judgment, or order of dismissal was erroneous.
"It is, therefore, ordered and adjudged that said order be and the same is hereby quashed."
As is apparent from a reading of the order, the primary issue on this appeal is in respect to the weight to be given by a court to evidence taken before an administrative body exercising quasi-judicial powers where the action of that body is sought to be reviewed by certiorari.
The province of a court in the review of proceedings brought before it by writ of certiorari is well defined: The court may inquire into the jurisdiction of the administrative body whose order is challenged. It may inspect the record of the proceedings before the administrative body to ascertain whether that body has proceeded in accordance with the authority conferred upon it by controlling law. It may examine the record to determine whether there is substantial evidence to justify the finding of the administrative body. It may not reweigh the evidence for the purpose of determining where the preponderance lies, nor substitute its judgment as to the credibility of witnesses for that of the body charged with the duty of determining the facts. Compare Florida Motor Lines v. State Railroad Commission, 101 Fla. 1018, 132 So. 851; Nelson v. State ex rel. Quigg, 156 Fla. 189, 23 So.2d 136; Pensacola Transit, Inc., v. Douglass, 160 Fla. 192, 34 So.2d 555; City of Miami v. Huttoe, Fla., 38 So.2d 819; McQuillan on Municipal Corporations 2d Ed.Rev. Vol. 2, p. 506.
That the general scope of review in a certiorari proceeding is as we have stated it to be was undoubtedly recognized by the able trial judge who prepared the order from which this appeal was taken. For it appears from his order that but for the cases of Lorenzo v. Murphy, 159 Fla. 639, 32 So.2d 421 and Hammond v. Curry, 153 Fla. 245, 14 So.2d 390, which were construed by him as requiring a broader use of the writ, his inquiry into the proceedings before the Civil Service Board would have been confined "to an inspection of the record for the purpose of ascertaining whether or not the Civil Service Board proceeded within the authority conferred by controlling law."
We cannot agree that the cases relied on by the trial judge for the entry of his order authorize or require the court in a certiorari proceeding to reweigh the evidence adduced before the tribunal whose ruling is sought to be reviewed for the purpose of determining wherein the preponderance lies. If such has been the construction placed upon the cited cases we do *529 not hesitate to say that no such holding was ever intended.
It follows from the conclusions reached that the order appealed from should be reversed with directions to the trial court that it re-examine the record in the light of the principles herein stated and give judgment accordingly.
It is so ordered.
ADAMS, C.J., and TERRELL, THOMAS and HOBSON, JJ., concur.
CHAPMAN and ROBERTS, JJ., dissent.