ROBERTS, Justice.
Neivert was discharged as a police officer of thé City of Miami on charges of misconduct filed against him by the Chief of Police,-after a hearing on such charges ‘was had before the Civil Service Board of the city. He applied to the Circuit Court of Dade County for a writ of certiorari to review the proceedings had before the Civil Service Board, naming as parties respondent- the City Manager and Director of Public. Safety of the City of Miami, and the members of the Civil Service Board. He did not make the City of Miami a party respondent. He attached to his petition a transcript of the record of the hearing before the Civil Service Board and alleged that the record showed on its face that the Board “acted in a manner in viola *600 tion of the essential requirements of the law and the rights of petitioner’.’ in various respects, alleged • therein. The prayer-of. the petition was that the named respondents “show cause” why .the petitioner. should not be reinstated.to. his position, as.,a police: officer and that the court “quash and set. aside the Order discharging Petitioner from; his - employment with the City of Miami,, Florida, as,.a.police officer. * •* ” The petition also prayed that “t|ie order.of this court direct that the Petitioner be reinstated a,s of the. date pf .his-unlawful discharge, with all remuneration and compensation and emoluments' that would be due and owing to him, as though’ his employment had1 not been terminated'‘rior interrupted.” . . .
The respondents moved .to . dismiss the petition on’ the grounds, among, others, that the petition failed to state a. claim upon which relief could be granted, and that the petition failed to join indispensable parties. The lower court dismissed the petition without stating the reason for its dismissal, and Neivert has perfected an appeal to this court from the order of dismissal. ,
The parties are in agreement here that the lower court did riot pass on the merits of Neivert’s claim that he had beenwroh'g-fully discharged, and that the dismissal of the petition was on one or,the..other of the technical grounds mentioned above. Neivert contendá- here that certiorari will lie to review the action of' an administrative body in the circumstances here present, and that his’ failure to join the City of Miami as- a party respondent was hot ,a fatal defect under'Rule' 1.18 of the 1954 Florida Rules - of Civil Procedure. The respondents contend that Neiverf's petition sought.to compel them to perform -a .legal duty, so that mandamus was his only remedy, and that the failure tó" jo in an indispensable party-is ground-for dismissal,' even under -Rule 1.18, supra. - :'
 On .the first point, it is well settled that certiorari will lie to review the action of an administrative agency .or board exercising quasi-judicial function's. Schott v. Brooks, Fla.1952, 56 So.2d 456; City of Pensacola v. Maxwell, Fla.1950, 49 So.2d 527, and cases therein cited. See Wilson v. McCoy Mfg. Co., Fla.1954, 69 So.2d 659, 665, for the most recent statement by the court as to the scope of the review in certiorari of an order of a quasi-judicial body. The fact that Neivert’s petition prayed for mandatory relief — that is, that he be reinstated with back pay — may be considered surplusage. The primary relief prayed was that the court review the proceedings and quash the order discharging Neivert; if that relief should be granted, ft would 'follow automatically that he would be reinstated' tí) the position held by" him prior’ to his discharge. Whether this would be with o.r without back pay, arid for what period pf time, would depend on the applicable provisions of law, , , .
We hold, thérefóre, under the authority of City of Pensacola v. Maxwell, supra, 49 So.2d 527, that Neivert’s petition for the writ of' certiorari properly invoked the jurisdiction of the lower court to review. the; proceedings of the Civil .Service Board -relating, to the charges filed against Jairp.; .andlitifollows that.the City of Miami was not an indispensable party, to .'a. review -of such, proceedings. It is not .necessary •to decide, then-, whether an l indispensable -party defendant may be added “at any stage of..the action” under Rule 1-18, supra,-
For the "reasons stated, the order' appealed''from should be and it is hefeby reversed and the causé remanded' for flir-'ther proceedings. "
DREW, C. J., TERRELL,. J.,. and. ALLEN, Associate Justice, concur.