140 So.2d 615 (1962)
Harry MORRIS, Jr., Appellant,
v.
CITY OF HIALEAH, Florida, a Municipal Corporation in the State of Florida, et al., Appellees.
No. 61-627.
District Court of Appeal of Florida. Third District.
May 8, 1962.
*616 Cowart, Dollar & Glassford, Miami, for appellant.
Ralph F. Miles, Hialeah, for appellees.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
PEARSON, TILLMAN, Chief Judge.
This appeal is from an order of the circuit court denying a petition for writ of certiorari. The petition sought reversal by that court of an order of the Personnel Board of the City of Hialeah.
Appellant set forth in his petition that he had been charged with violations of the Civil Service Rules and Regulations of the City of Hialeah, and that the following charges were contained in a letter of dismissal: (1) Violation of Rule 11, § 2, Paragraph (o) by attempting to induce another employee of the City to commit an unlawful act by accepting a bribe to allow gambling operations in the City; (2) Violation of Rule 11, § 2, Paragraph (d) by failing to report to a commanding officer of the police department within a reasonable period of time alleged misconduct on the part of another employee; and (3) Violation of Rule 11, § 2, Paragraph (e) by untruthfully stating to a police officer that "the top brass must have been taking payoff money to allow gambling," and that he had no knowledge of gambling in the City.
The petition filed in the circuit court then alleged that the appellant was granted a hearing before the Personnel Board, and that after such a public hearing this board found appellant guilty of the charges lodged against him and affirmed the dismissal. The petitioner maintained (1) that the proceedings were a nullity in that no grounds, reasons, or justification for the action taken were set forth; (2) that the evidence produced before the Personnel Board was insufficient to support the findings of the board; and (3) the charges upon which he stood trial were not complete in that the language of the several rules which were allegedly violated were not included.
Upon denial of the petition for writ of certiorari in the circuit court, the petitioner filed his appeal here, and in his brief on this appeal has urged substantially the same points as were urged for the issuance of the writ in the circuit court.
We have jurisdiction of an appeal from a final judgment of a circuit court denying a petition for writ of certiorari when said writ was sought in that court to review a judgment of an administrative board. Wexler v. Ring, Fla.App. 1961, 125 So.2d 883. See also State v. Furen, Fla. 1960, 118 So.2d 6; City of Miami v. Jervis, Fla.App. 1962, 139 So.2d 513.
It is apparent that the extent of the review in this court ought not be identical with the review had in the circuit court. In other words, we ought not plow the same ground as the circuit court. Our Supreme Court has consistently interpreted the appellate process provided by the Constitution and Florida Appellate Rules as guaranteeing a litigant a fair hearing on an appeal which may be taken as a matter of right, but not permitting a second appeal. Lake v. Lake, Fla. 1959, 103 So.2d 639.[1]
*617 The error which must be demonstrated for reversal is an error of the circuit court, not of the Personnel Board. The extent of our review on this appeal is to decide whether, upon the points properly raised, the circuit court applied the applicable law and acted in accordance with established procedure. We have considered in this light the following points presented by the appellant: (1) Whether the circuit court erred in refusing to grant certiorari where the City of Hialeah failed to spread upon the record the language of the rules which it charged that the appellant violated; and (2) Whether there was a clear failure of the evidence to prove the elements of the offense with which appellant was charged.
We think that it is established that an officeholder under civil service ought not be removed from office without it appearing upon the record that each element of the charge against him has been proved. Rosenfelder v. Huttoe, 156 Fla. 682, 24 So.2d 108; DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912. It is better practice to set forth the exact language of the rule the officer is charged with violating. This is true because the elements of the offense may not otherwise appear. In the case before us, it is observed that the charges spell out the claimed offenses and then refer to the rules. The elements of the offenses appear from the charges, and the only effect of the rule in each instance is to make the conduct described one for which a police officer may be removed. Further, it was not until the hearing on the charges that the appellant made the request that the record show the language of the rules. It is not demonstrated that he suffered a handicap in the preparation of his defense or its presentation. We hold that error in this regard has not been shown. It was the trial judge's duty to determine whether the Personnel Board departed from the essential requirements of the law. The record before him presented substantial basis for holding that the omission of the text of the rules was harmless because the appellant was fully informed and had available to him the language of the rules concerned.
Finally, upon examination of the record, we find that it is not so deficient as to show a clear failure of the evidence to prove the elements of the offense charged. We therefore hold that error has not been demonstrated.
Affirmed.
NOTES
[1] Compare State v. Katz, Fla.App. 1959, 108 So.2d 60, where this court has held that a petition for certiorari in this court to review the exercise of the appellate jurisdiction of the circuit court is so limited as not to constitute a second appeal.