166 So.2d 686 (1964)
The FLORIDA STATE BOARD OF DENTAL EXAMINERS, Appellant,
v.
Dr. Alfred FEINGLASS, Dr. Irwin N. Ennis, and Dr. Fred J. Witkoff, Appellees.
No. 63-870.
District Court of Appeal of Florida. Third District.
August 11, 1964.
Rehearing Denied August 20, 1964.
Robinson & Randle, Jacksonville, for appellant.
Mitchell M. Goldman, Miami, for appellees.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
PER CURIAM.
The Florida State Board of Dental Examiners was the respondent below and seeks review of a final order in certiorari proceedings which quashed orders of the appellant board.
*687 The appellant filed formal charges against the appellees, dentists, charging them with various violations of Chapter 466, Fla. Stat., F.S.A. The main charges were (1) that appellees were practicing dentistry as a medical group; (2) that they had printed and distributed certain cards of advertising material; and (3) that they had placed an advertisement in a local paper, all in violation of said chapter. Pursuant to notice, the charges were heard before the board resulting in the board's finding appellees guilty of the charges and suspending them from the practice of dentistry for a period of sixty days. The appellees sought review of the orders of suspension by petition for certiorari in the circuit court. The main thrust of the appellees' attack was that substantial competent evidence was lacking to sustain the charges. The circuit court, after reviewing the testimony and evidence heard before the board, entered its order granting the petition for certiorari and setting aside and reversing the orders of suspension. In addition, the circuit court taxed costs against the board. This appeal followed.
Appellant contends the circuit court erred (1) in its interpretation of the "substantial competent evidence rule" and (2) in ruling there was no testimony to substantiate the charges or that the orders of suspension were based solely on unreliable evidence.
We have reviewed the testimony and evidence presented and have considered the briefs and record before us and conclude that the circuit court misapplied the "substantial competent evidence rule."
At the administrative hearing, Dr. Robert M. Denton, the executive director of the board, testified that he had been notified by a Dr. Shumpert that the appellees were in violation of various sections of Chapter 466, supra. Both Dr. Denton and Dr. Shumpert presented testimony to the effect that a card had been circulated containing the following information:
 EDISON CENTER DENTAL GROUP
 ANNOUNCE THE OPENING OF THEIR OFFICES
 FOR THE PRACTICE OF
 GENERAL DENTISTRY AND ORAL SURGERY
 AT
 OFFICE HOURS: 6130 N.W. 7th AVENUE TELEPHONE
 9 to 9 DAILY MIAMI, FLORIDA 757-2741
 SATURDAY 9 to 5
The address on the card was the address of the appellees as reflected by the records of the board. The practice of dentistry as a group is prohibited by section 466.36 and is grounds for the suspension or revocation of a license certificate. See § 466.24, Fla. Stat., F.S.A. In addition, an advertisement which appeared in the Miami Times was introduced into evidence at the hearing, which advertisement contained information prohibited by § 466.27, supra. The address appearing in the newspaper advertisement was also the same as that of the offices of appellees. There was other evidence to support the charges. The record does not reflect that appellees testified at the hearing before the board.
We note that as a general rule, administrative tribunals are not bound by the strict or technical rules of evidence governing jury trials. See 42 Am.Jur., Public Administrative Law, § 129, p. 461, and 1 Fla.Jur., Administrative Law, § 119. In seeking judicial review of the action of an administrative agency, the reviewing *688 court's sole concern with regard to the sufficiency of the evidence should be whether such action is supported by what has been variously termed as "appropriate evidence," "some competent evidence" or "substantial competent evidence." See 1 Fla.Jur., Administrative Law, § 191, and cases cited therein. While the courts will determine whether there is sufficient evidence to support administrative action which is attacked and will determine the legal effect of the evidence, they will not, especially on certiorari, review conflicting evidence. The question of the weight or credibility of the evidence is for the administrative agency and not for the courts, even though the court may have reached a different conclusion on the same testimony. State Beverage Department v. Willis, 159 Fla. 698, 32 So.2d 580. In such cases the court should refuse to substitute its judgment for that of the administrative agency. Pauline v. Lee, Fla. App. 1962, 147 So.2d 359. In De Groot v. Sheffield, Fla. 1957, 95 So.2d 912, it was pointed out that certiorari is a discretionary writ bringing up for review by an appellate court the record of an inferior tribunal or agency in judicial or quasi judicial proceedings. The Supreme Court in De Groot held that in a certiorari proceeding, the reviewing court will not undertake to reweigh or re-evaluate the evidence presented before the tribunal or agency whose order is under examination but will merely examine the record made to determine whether the lower tribunal had before it "competent substantial evidence" to support its findings and judgment which must also accord with the essential requirements of law. See Dade County v. Carmichael, Fla.App. 1964, 165 So.2d 227.
It was not the function of the circuit court to substitute its judgment for that of the board, nor is it the function of this court. The record before the board clearly demonstrates that there was sufficient competent substantial evidence, if believed, to support the board's orders. The orders appealed should be and are hereby reversed with directions to deny the petition for certiorari.
Inasmuch as we reverse the orders appealed, the cost judgment is likewise reversed.
Reversed and remanded with directions.