173 So.2d 458 (1965)
Frederick G. McFALL, Jr., Appellant,
v.
FLORIDA STATE BOARD OF DENTAL EXAMINERS, Appellee.
No. 5096.
District Court of Appeal of Florida. Second District.
March 19, 1965.
Rehearing Denied April 12, 1965.
*459 Harry R. Chadwick, Jr., of Chadwick, Mensh & O'Connell, St. Petersburg, for appellant.
Richard L. Randle, of Robinson & Randle, Jacksonville, for appellee.
ALLEN, Acting Chief Judge.
Appellant, Frederick G. McFall, Jr., filed a petition for certiorari in the court below, which petition was directed to an order of suspension of the appellee-Board suspending the appellant's license to practice dentistry in the State for a period of two months. The circuit court denied appellant's petition and he appeals to this court.
The Florida State Board of Dental Examiners filed formal charges against the appellant for violation of Chapter 466, Florida Statutes, which relates to the regulations for the practice of dentistry. The alleged charges against the appellant involved advances and questionable conduct toward two female patients, at different times, while present in the appellant's office for the purpose of oral surgery.
By order dated June 7, 1963, the Board adopted the findings of fact of its hearing officers, and found appellant guilty of "misconduct either in his business or in his personal affairs which would bring discredit upon the dental profession."
The lower court, in its order denying certiorari, stated:
"Therefore, based upon the law presented to me, although my personal judgment would differ from that of the Florida State Board of Dental Examiners in that it is my personal opinion that the physical examinations given by Dr. Frederick G. McFall, Jr., are necessary, the Florida State Board of Dental Examiners heard all the facts and the witnesses and have passed on the same."
The circuit judge had commented previously in his order that the Florida State Board of Dental Examiners was the trier of the facts presented to it and "* * * I, as a Circuit Judge reviewing the case on certiorari, cannot substitute my personal opinion for the opinion of the Florida State Board of Dental Examiners. This is based upon cases presented and statements made in Florida Jurisprudence."
It is our view that the lower court was correct in determining on certiorari it could not overcome the findings of an administrative agency where there was *460 competent substantial evidence before it, even though it might have viewed the evidence differently if it had had the question before it for disposition.
The appellant also argues that the Board should not have taken his license, as the evidence did not show beyond a reasonable doubt that McFall was guilty of the charges filed against him.
In the case of Pauline v. Lee, Fla.App. 1962, 147 So.2d 359, this court said:
"In the exercise of a quasi-judicial function where a decision is reached after a full hearing conducted pursuant to notice, such as was the case here, the findings of an administrative agency ordinarily will only be overturned on review upon a showing that they are not supported by substantial competent evidence. United States Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741; Nelson v. State [ex rel. Quigg], (1945), 156 Fla. 189, 23 So.2d 136, cert. denied 327 U.S. 790, 66 S.Ct. 809, 90 L.Ed. 1016; Schott v. Brooks, Fla. 1952, 56 So.2d 456; Florida Industrial Commission v. Nordin, supra [Fla.App., 101 So.2d 890], DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912, defining substantial evidence as such evidence as a reasonable man would accept as adequate to support a conclusion. It is not incumbent upon the reviewing court to resolve conflicts in the testimony adduced before an administrative tribunal. Evidence is weighed by the administrative agency and not by the courts. Florida Rate Conference v. Florida Railroad & Public Utilities Commission, Fla. 1959, 108 So.2d 601. Nor, if it were so inclined (which, on the record here presented, this court is not), should the court substitute its judgment for that of the administrative fact finder who heard the testimony and was in a position to evaluate the credibility of witnesses. Pritchett v. Florida Real Estate Commission, Fla. App. 1962, 143 So.2d 45."
In another Dental Board case, that of Florida State Board of Dental Examiners v. Feinglass, Fla.App. 1964, 166 So.2d 686, cert. denied Fla., 169 So.2d 385, the Third District Court of Appeal said:
"We note that as a general rule, administrative tribunals are not bound by the strict or technical rules of evidence governing jury trials. See 42 Am.Jur., Public Administrative Law, § 129, p. 461, and 1 Fla.Jur., Administrative Law, § 119. In seeking judicial review of the action of an administrative agency, the reviewing court's sole concern with regard to the sufficiency of the evidence should be whether such action is supported by what has been variously termed as `appropriate evidence,' `some competent evidence' or `substantial competent evidence.' See 1 Fla.Jur., Administrative Law, § 191, and cases cited therein. While the courts will determine whether there is sufficient evidence to support administrative action which is attacked and will determine the legal effect of the evidence, they will not, especially on certiorari, review conflicting evidence. The question of the weight or credibility of the evidence is for the administrative agency and not for the courts, even though the court may have reached a different conclusion on the same testimony. State Beverage Department v. Willis, 159 Fla. 698, 32 So.2d 580. In such cases the court should refuse to substitute its judgment for that of the administrative agency. Pauline v. Lee, Fla.App. 1962, 147 So.2d 359. In DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912, it was pointed out that certiorari is a discretionary writ bringing up for review by an appellate court the record of an inferior tribunal or agency in judicial or quasi judicial proceedings. The Supreme Court in DeGroot held that in a certiorari proceeding, the reviewing court will not undertake to reweigh or re-evaluate the evidence presented before the tribunal or agency *461 whose order is under examination but will merely examine the record made to determine whether the lower tribunal had before it `competent substantial evidence' to support its findings and judgment which must also accord with the essential requirements of law. See Dade County v. Carmichael, Fla.App. 1964, 165 So.2d 227.
"It was not the function of the circuit court to substitute its judgment for that of the board, nor is it the function of this court. The record before the board clearly demonstrates that there was sufficient competent substantial evidence, if believed, to support the board's orders. The orders appealed should be and are hereby reversed with directions to deny the petition for certiorari."
We concur in the views expressed by our sister court.
Finding no reversible error, we affirm.
Affirmed.
SHANNON, J., and SEBRING, H.L., Associate Judge, concur.