174 So.2d 425 (1965)
Martin M. AMMERMAN, Appellant,
v.
The FLORIDA BOARD OF PHARMACY, Appellee.
No. 64-633.
District Court of Appeal of Florida. Third District.
April 13, 1965.
Rehearing Denied May 11, 1965.
Norman F. Solomon, Miami Beach, for appellant.
Earl Faircloth, Atty. Gen., and Frank A. Orlando, Asst. Atty. Gen., Tallahassee, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
*426 HENDRY, Judge.
This appeal is from an order of the circuit court denying a petition for writ of certiorari. The petition to the circuit court sought to quash an order of the Florida Board of Pharmacy, revoking petitioner's license to practice pharmacy.
The jurisdiction of this court to entertain an appeal in this type of action as well as the extent of our review is set forth in Morris v. Hialeah,[1] wherein the court stated:
"The extent of our review on this appeal is to decide whether, upon the points properly raised, the circuit court applied the applicable law and acted in accordance with established procedure."[2]
Appellant's basic contentions in this appeal are that:
(1) He was denied due process in that the board hearing was held on a Sunday;
(2) The State Board's finding that the charges were supported by "sufficient competent evidence" is legally insufficient as a basis for its action;
(3) The findings of the State Pharmacy Board are not supported by "substantial competent evidence", and
(4) His acquittal by the criminal court of record for the same alleged violation precluded board action.
After having carefully reviewed the record on appeal and the arguments of counsel we find that the circuit court correctly dismissed the petition and denied the writ.
We now turn to a discussion of appellant's contention two and three as indicated above. The important factor in determining whether or not evidence adduced at a board hearing is legally sufficient to warrant a board's findings and action is not the adjectives used by a board in characterizing said evidence but is rather the evidence itself. Throughout the years the courts have used many different adjectives in describing the quantum and nature of evidence required to sustain board action.[3]
In DeGroot v. Sheffield,[4] the Supreme Court reiterated the proposition that substantial competent evidence is required to sustain a board's findings. The court then went on to define the words substantial and competent:
"Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Becker v. Merrill, 155 Fla. 379, 20 So.2d 912; Laney v. Board of Public Instruction, 153 Fla. 728, 15 So.2d 748. * * * We are of a view, however, that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the `substantial' evidence should also be `competent'."[5]
Applying the above rationale to the case sub judice we find the chancellor was eminently correct in his determination of the issues raised concerning the evidence. We have considered appellant's *427 other points on appeal and find them to be without merit.
Reversible error not having been made to appear, the order appealed is hereby affirmed.
Affirmed.
NOTES
[1] Fla.App. 1960, 140 So.2d 615.
[2] id at 617.
[3] See Parsons, The Substantial Evidence Rule in Florida Administrative Law, 6 U.Fla.L.Rev. 481 (1953).
[4] Fla. 1957, 95 So.2d 912.
[5] id at 916.