HENDRY, Judge.
Appellant seeks review of an order of the circuit court for Dade County denying his petition for certiorari. The petition sought reversal of an order of the Personnel Board of the City of Miami Beach.
Appellant, a Miami Beach detective, was removed from office by the chief of police on three separate charges of conduct- unbecoming an officer. The charges were grounded on issuance of bad checks and leaving work early, without permission, to go to Jai Alai.
Appellant appealed his removal to the personnel board. After holding hearings the board found that two of the charges were supported by substantial competent evidence and upheld the removal. Appellant then filed his petition for certiorari and the circuit court in an extensive opinion, found that:
“ * * * [T]he essential requirements of the law have been observed by the City and the Personnel Board; that due process has been accorded the Petitioner and that there is ample competent substantial evidence to sustain the findings of the City’s Personnel Board.”
Appellant’s contentions in this appeal question the legal sufficiency of the evidence to warrant and sustain appellant’s removal from office.
The law is well settled, in Florida, that the extent of our review in this type of case is to decide whether, upon the points properly raised, the circuit court applied the applicable law and acted in accordance with established procedure.[1] Accordingly, the error required for reversal is error committed by the circuit court.[2]
The circuit court was charged with determining whether procedural due process had been accorded appellant, whether essential elements of law had been observed,[3] and, since questions of evidence were presented, it was incumbent upon the circuit court to determine whether the charges *220 were supported by substantial competent evidence.[4] All of these it did.
Upon our examination of the record, we do not find it so deficient as to show a clear failure of the evidence to prove the specifications of the charges, nor do we find any reversible error to have been committed by the circuit court.
Accordingly, the order appealed is hereby affirmed.
Affirmed.

. Ammerman v. The Florida Board of Pharmacy, Fla.App.1965, 174 So.2d 425 (Not yet reported, opinion filed April 13, 1965); Morris v. City of Hialeah, Fla.App.1962, 140 So.2d 615.

. Ibid.

. City of Miami v. Babey, Fla.App.1964, 161 So.2d 230.

. De Groot v. Sheffield, Fla.1957, 95 So.2d 912.