PEARSON, Judge
The Florida State Board of Dental Examiners appeals an order of the circuit court which granted certiorari and quashed an order of the Board.[1] The petitioner in the circuit court, who is the appellee here, was Dr. George Arthur Graham.
An accusation was filed before the Florida State Board of Dental Examiners,[2] and pursuant to applicable law, the appellee received a notice of hearing on said accusation. The appellee was present and represented by legal counsel at the hearing. After the hearing, the Florida State Board of Dental Examiners made its determination of fact and entered an order suspending appellee’s license for a period of six months for violating § 466.24, Fla.Stat.1959, F.S.A. and § 466.24(3) (a) and (c), Fla. Stat.1961. Whereupon, the appellee filed a petition for writ of certiorari in the circuit court.
The circuit court, after full hearing, found that there was competent substantial evidence to support the finding and the determination of the Florida Board of Dental Examiners and entered an order denying the writ of certiorari. A petition for rehearing was filed and the circuit court, on rehearing, entered an order, the salient portions of which are as follows:
“The Court has carefully reviewed the record in this matter in the light of applicable law, and upon reconsideration finds an absence of competent substantial evidence to support the Board’s Determination of Fact as set forth in Paragraphs B(l) and B(2). That the Court finds that the findings of fact were not substantiated by the testimony as to the place of the alleged incident complained of and the Court finds as a matter of law that the time and place of the alleged occurrence are essential to establish competent proof of same. That the singular absence of evidence in regards to the findings as herein referred to constitute a major component of the Board’s charge placed against said Petitioner. -
“The Court further finds on reconsideration, that the procedure and Order of the Board November 16, 1963 fail to conform with the essential requirements of the law. Sections 466.24 and 466.26, empower the Dental Board to suspend or revoke the license of any dentist for cause. The foregoing Order of the Dental Board departed from and far exceeded the lawful statutory police power given to it under the Act. Such Order did not merely suspend or revoke Petitioner’s license to practice dentistry, rath *106 er Petitioner was by the terms of the Order, arbitrarily and indiscriminately placed under an edict of the Board which stated in Paragraph 2 of such Order:
‘ * * * and before the license of Dr. George Arthur Graham be re-instated, the Board will require a satisfactory report following an examination of the said Dr. George Arthur Graham by a psychiatrist approved by the Board.’ ”
On these findings, the circuit court granted certiorari, quashed the order of the Board in its entirety and remanded the cause to the Florida State Board of Dental Examiners for proceedings consistent with the court’s order.
On this appeal, the Board urges that the circuit court erred in holding that there was no competent substantial evidence to substantiate the Board’s determination of fact as set forth in paragraphs B(l) and B (2) -[3]
An additional point is directed to the circuit court’s determination that the Board had unreasonably abused its statutory power by providing that “before the license of Dr. George Arthur Graham be reinstated, the Board will require a satisfactory report following an examination of the said Dr. George Arthur Graham by a psychiatrist approved by the Board.” It will be observed that the first point on appeal is directed to the action of the circuit court contained in the first paragraph above quoted and that the second point is directed to the action of the circuit court contained in the second paragraph above quoted.
 A review of the record convinces us that appellant’s contentions as to the existence of competent substantial evidence to support the findings of the Board contained in paragraphs designated B(l) and B(2) must be sustained. The appellee suggests that because the testimony of the Board’s witness was not corroborated the court may have found that such testimony was not competent and substantial. See Fla.Stat., 1963, § 120.27, F.S.A. It is well established that a reviewing court will not on petition for certiorari determine the weight and credibility of the evidence. Florida State Board of Dental Examiners v. Feinglass, Fla.App.1964, 166 So.2d 686; McFall v. Florida State Board of Dental Examiners, Fla.App.1965, 173 So.2d 458. We hold that the circuit court erred in finding an absence of competent substantial evidence to support the Board’s determination of fact. See Ammerman v. Florida Board of Pharmacy, Fla.App.1965, 174 So. 2d 425.
Appellee attempts to support the circuit court’s finding in the first paragraph above quoted by pointing out that the second paragraph quoted contains as its first sentence a finding that the procedure and order of the Board failed to conform with the essential requirements of law. It is suggested that this sentence applies to the entire order of the Board and not simply to the paragraph of which it is the lead sentence. Reference to that paragraph will show that the remainder of the paragraph deals with an aspect of the Board’s order which is here discussed under point two. Our conclusion is that the sentence refers only to the matters contained in the second paragraph. Nevertheless, we have examined the procedure and order of the Board in the light of appellee’s contentions and have found no error.
Appellant’s second point, directed to the quashal of that portion of the Board’s order which requires an examination by a psychiatrist prior to reinstatement, is without merit. The circuit court properly found that the statute does not empower the *107 Board to allow such a provision. The order of the Board was as follows:
“ORDERED AND ADJUDGED as follows:
“1. That the license to practice dentistry in the State of Florida held by the said Dr. George Arthur Graham, including any and all certificates of renewal thereof, be and the same are hereby severally suspended for a period of six months, beginning on the first day of January, 1964 until the first day of July, 1964, and the said Dr. George Arthur Graham shall cease and desist forthwith from said date from the practice of dentistry in the State of Florida as defined in Chapter 466.04 of the Florida Statutes 1963 [F.S.A.], and shall cease and desist as being a propreitor as defined in Chapter 466.05 of the Florida Statutes 1963 [F.S.A.], from said date of January 1, 1964, until the first day of July, 1964.
“2. That Dr. George Arthur Graham shall send to the Florida State Board of Dental Examiners his license to practice dentistry and renewal certificates as required by Chapter 466 of the Florida Statutes 1963, and before the license of Dr. George Arthur Graham be re-instated, the Board will require a satisfactory report following an examination of the said Dr. George Arthur Graham, by a psychiatrist approved by the Board. This report together with an application for re-instatement in writing shall be sent to the Secretary-Treasurer of the Florida State Board of Dental Examiners thirty days prior to the end of the suspension period.”
That portion of the above quoted order which purports to be a suspension from practice for six months would, with the provision for psychiatric examination, amount to an indefinite suspension until the Board was satisfied that reinstatement was to the best interest of the profession. The order of the Board, without charges or an opportunity to be heard, places the burden upon the appellee to satisfactorily establish to a Board approved psychiatrist that appellee is not afflicted with psychiatric disorders. This would obviously constitute a denial of due process. See Fla. Stat.1963, §§ 120.22, 120.23, 120.26, 466.25, F.S.A.; and State ex rel. Munch v. Davis, 143 Fla. 236, 196 So. 491 (1940).
It is manifest from a reading of the Board’s Order and an examination of the pertinent provisions of Chapter 466, Fla. Stat.1963, F.S.A. that the portion of the Board’s order regarding reinstatement is arbitrary, unreasonable, and a gross abuse of power. The circuit court’s order quashing same should be affirmed.
We reach the conclusion that the judgment of the circuit court quashing the order of the Florida State Board of Dental Examiners in its entirety is erroneous, but that the judgment properly quashed that portion of the order of the Florida State Board of Dental Examiners which provides: “and before the license of Dr. George A. Arthur Graham be reinstated, the Board will require a satisfactory report following an examination of said Dr. George Arthur Graham by a psychiatrist approved by the Board.”
We thereupon affirm in part and reverse in part, and remand this cause to the circuit court with directions to enter an order on the petition for certiorari remanding the cause to the Florida State Board of Dental Examiners. The order shall: (1) authorize and empower the Florida State Board of Dental Examiners to issue a new order suspending the license of Dr. George Arthur Graham for a period of six months, and to change the effective dates of the suspension so that it shall be effective from the date of the entry of the new order of the Florida State Board of Dental Examiners; (2) provide that upon remand to the Florida State Board of Dental Examiners, the Board shall strike from its order any and all reference to a psychiatric examination.
Affirmed in part, reversed in part and remanded.

. The procedure followed in this cause, for review of the order of the Florida State Board of Dental Examiners upon, petition for certiorari filed in the circuit court and its subsequent review in this Court by appeal was provided by § 466.25, Pla. Stat.1963, F.S.A. and Article V of the Constitution, F.SA. See Florida Hotel and Restaurant Commission v. Dowler, Fla.1958, 99 So.2d 852. The statutes presently provide for the review of orders of the Board by this Court. See Laws of Florida 1965, Ch. 65-353, Fla. Stat.1965, § 466.25, F.S.A.

. The charges against the appellee involved advances and questionable conduct toward five females, at different times, while they were in appellee’s office.

. The findings in paragraph B(l) and B(2) relate to alleged liberties taken with one patient. One of the charges was dropped because a witness was not available. The Board found that the charges relating to the other three women were supported by the record; the circuit court made no specific finding.