PER CURIAM.
This is an appeal from an order of the Circuit Court denying a petition for writ of certiorari. The petition filed pursuant to § 470.14 Fla.Stat., F.S.A. sought to quash an order of the State Board of Funeral Directors and Embalmers of Florida revoking petitioner’s license as a funeral director and embalmer, and the funeral establishment license under which he operated.
Appellant’s basic contention is that the proof of guilt of an accused whose license is sought to he taken away by an administrative board should be established by more than substantial competent evidence.
Appellant places much reliance upon Hickey v. Board of Dental Examiners, Cir. Ct. 1952, 10 Fla.Supp. 12. In that case the petitioner sought review by certiorari of an order of the Board of Dental Examiners revoking petitioner’s license to practice .dentistry for a period of three years. The .circuit judge returned the case to the Board to convene and reconsider the evidence having in mind that the evidence must he so clear, strong, and unequivocal as to remove every reasonable doubt as to the guilt of the petitioner. The Board reconvened and reinstated its former order using the terms of the quantum of proof required by the circuit court’s mandate. Certiorari was again applied for in the circuit court and denied.
Appellant argues that the rule governing the quantum of proof established in the case above is controlling as it was approved by the Supreme Court in Hickey v. Wells, Fla.1956, 91 So.2d 206. However, the question of quantum of proof required was not reached on that appeal as the case was reversed based on the insufficiency as to the accusation and findings.
The controlling rule as stated by Justice Thomal in DeGroot v. Sheffield, Fla.1957, 95 So.2d 912, 916 is that, “[t]he appellate court merely examines the record made below to determine whether the lower tribunal has before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law.” The Florida Administrative Procedure Apt[1] which took effect on July 1, 1961, is silent on this question — the Federal Administrative Procedure Act requires that findings he supported by “substantial evidence”.[2] However, cases decided after the Florida Act dealing with the revocation of licenses continue to follow the rule as stated in the DeGroot decision, above.[3]
We conclude that the rule regarding appellate review as stated and defined in the DeGroot decision above, is controlling here. Applying that rule we find no error in the decision of the lower court. We have also considered appellant’s other points on appeal and find them to be without merit.
Accordingly, the order appealed is affirmed.
Affirmed.

. Chapter 120, Fla.Stat., F.S.A.

. 60 Stat. 243, 5 U.S.C. § 1009.

. Ammerman v. Florida Board of Pharmacy, Fla.App.1965, 174 So.2d 425; McFall v. Florida State Board of Dental Examiners, Fla.App.1965, 173 So.2d 458; Florida State Board of Dental Exam. v. Feinglass, Fla.App.1964, 166 So.2d 686.