WIGGINTON, Judge.
Appellant was charged, tried, and found guilty by the Civil Service Board of the City of Pensacola, Florida, for the offense of having encouraged and assisted in an illegal abortion performed upon a named female. As a result of such conviction appellant was dismissed from service. The action of the Civil Service Board was reviewed by petition for writ of certiorari filed in the Circuit Court of Escambia County resulting in a denial of the writ sought. The case is now before this court on appeal from the order of the circuit court denying certiorari.
The primary question presented for our decision, and the only one which we consider necessary to discuss, is whether the action of the Civil Service Board in finding appellant guilty of the charge stated above is supported by competent and substantial *659 evidence. In De Groot v. Sheffield,[1] Mr. Chief Justice Thomal, speaking for the Supreme Court, defined competent and substantial evidence as follows:
“ * * * Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably-inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. * * * ”
The scope of review by an appellate court in considering a petition for writ of cer-tiorari has been succinctly outlined by our Supreme Court in City of Pensacola v. Maxwell[2] as follows:
“The province of a court in the review of proceedings brought before it by writ of certiorari is well defined: The court may inquire into the jurisdiction of the administrative body whose order is challenged. It may inspect the record of the proceedings before the administrative body to ascertain whether that body has proceeded in accordance with the authority conferred upon it by controlling law. It may examine the record to determine whether there is substantial evidence to justify the finding of the administrative body. It may not reweigh the evidence for the purpose of determining where the preponderance lies, nor substitute its judgment as to the credibility of witnesses for that of the body charged with the duty of determining the facts. * * * ”
Our review of the record discloses evidence which, if believed by the Civil Service Board, would be sufficiently competent and substantial to support the Board’s findings and conclusion. Admittedly the evidence is not as extensive or overwhelming as it might have been, or as appellant feels that it should have been in order to sustain the Board’s action. The triers of the fact who heard the evidence and observed the demeanor of the witnesses while testifying elected to believe the testimony of the incriminating witness in preference to the denial of the charge asserted by appellant. The triers of the fact accepted this evidence as adequate to support their conclusion, and there is no conflicting evidence of such a clear and convincing nature as to demonstrate that the triers of the fact erred in so doing. Appellant having failed to clearly demonstrate that the action of the circuit court in denying his petition for writ of certiorari was erroneous as a matter of law, the judgment appealed is affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. De Groot v. Sheffield, (Fla.1957) 95 So.2d 912, 916.

. City of Pensacola v. Maxwell, (Fla.1950) 49 So.2d 527, 528.