PER CURIAM.
We are presented with a petition for cer-tiorari to review the affirmance in the circuit court of petitioner’s conviction of knowingly selling obscene magazines in violation of Fla.Stat. § 847.011, F.S.A. The scope of our review under such conditions is limited. See Katz v. State Board of Medical Examiners, Fla.App.1967, 201 So.2d 805; Morris v. City of Hialeah, Fla.App.1962, 140 So.2d 615. The petitioner contends that the selling of the materials viewed by the trial court could not be held to be in violation of the statute in the absence of testimony that the magazines violated contemporary standards in the community. This argument is without merit under the law announced in Collins v. State Beverage Department, Fla.App.1970, 239 So.2d 613, and Mitchum v. State, Fla.App.1971, 251 So.2d 298. The record reveals that the only evidence before the trial court were the seven magazines. These magazines were an exhibit in the record before the appellate court. We have examined the magazines in light of the applicable decisions, and we find that the circuit court properly held that they fall within the classification of obscene material as described in the appendix to Collins, supra, 239 So.2d 613, 617.
Accordingly, the petition for certiorari is denied.