PER CURIAM.
With the filing of this petition for writ of certiorari by Hialeah Park, Inc., we have before us the annual contest for the lucrative middle season horse racing dates which this year the Board of Business Regulation awarded to Gulfstream Park Racing Association, Inc.
Pursuant to Section 550.081, Florida Statutes (1975), respondent-appellee Board of Business Regulation is empowered to award racing dates to the three winter horse racing tracks located within a 35 mile radius of each other — Hialeah, Gulfstream and Tropical (not a party to this appeal). In awarding dates, the Board must take into account the interest of the state, interest of the track owner, good will, quality of the horses, track facilities, geography and skill in management. Hialeah Race Course, Inc. v. Board of Business Reg., 270 So.2d 366 (Fla.1972). Under Section 550.081, Florida Statutes (1975) the Board must also take into account “the ability of all winter permit-holders to maximize handle throughout the entire 144-day racing period so as to generate overall the maximum state revenue from winter permitholders collectively.” Tropical applied for and was granted the first racing period, November 18, 1976 — January 14,1977. Both Hialeah and Gulfstream applied for the lucrative middle period, January 15 — March 7,1977. A hearing was held and the Board awarded the middle racing dates to Gulfstream and the spring racing dates (March 8 — May 3, 1977) to Hialeah. Basing its award on the criteria set out above, the Board found (1) that a comparison of state revenues generated from the three horsetracks over the previous four racing seasons demonstrated that the interest of the state in maximum revenue in accordance with the statutory directive is best served when Gulfstream is awarded the middle racing period;[1] (2) with respect to geography, Gulfstream is in a preferred location; (3) Gulfstream maintains superiority in skill of management; (4) with regards to facilities, quality of horses and good will, the two tracks are equal; (5) with respect to the interest of the track owner, although Hialeah inferentially suggested [2] that unless it is awarded the middle dates it may be unable to remain in business, the evidence offered by Hialeah on the financial question is conflicting and unconvincing. Hialeah filed the instant petition for writ of certiorari to review the award to Gulfstream.
In certiorari the reviewing court does not reweigh or re-evaluate the evidence, but merely examines the record to determine whether the Board or agency had before it competent substantial evidence to *289 support its findings, i. e. such relevant and material evidence as a reasonable mind would accept as adequate to support a conclusion. De Groot v. Sheffield, 95 So.2d 912 (Fla.1957); Ammerman v. Florida Board of Pharmacy, 174 So.2d 425 (Fla.3d DCA 1965). A review of the record illustrates that the Board had before it competent evidence to substantiate its findings.
With respect to the finding that the interest of the state in maximum revenue would be best served by awarding Gulf-stream the middle dates,[3] the figures demonstrate that on an individual track basis, Gulfstream generated more state revenue when it held the middle racing dates (1972 and 1974) than when Hialeah had the middle racing dates (1973 and 1975). Gulf-stream achieved this result despite the existence of the gasoline shortage during the tourist season of 1974, while Hialeah enjoyed the benefits of the banner tourist season in 1975. In addition, although the overall revenue generated from Tropical, Hialeah and Gulfstream during the 1971-1972 season when Gulfstream had the middle period is somewhat lower than the following year when Hialeah had the middle dates, the Board properly took into account the fact that Tropical in 1971-72 was racing in its old track and thereafter Tropical’s racing was held at Calder resulting in a seven million dollar handle increase during the 1972-73 season.
Turning to the issue of Hialeah’s poor financial condition, the evidence of which the Board found to be conflicting and unconvincing, we can only point out that the state’s financial interest is paramount to that of Hialeah. See Gulfstream Pk. Rac. Ass’n, Inc. v. Board of Bus. Reg., 318 So.2d 458, 467 (Fla.1st DCA 1975).
Certiorari denied.

. Hialeah and the middle racing dates for the 1972-73 and 1974-75 seasons and Gulfstream had the middle dates for the 1971-72 and 1973-74 seasons. Tropical for these four years had the first, racing period.

. as it did the previous year and which was a strong consideration by the Board in its award of the middle dates to Hialeah for the 1975-76 season.

. to which petitioner Hialeah takes great issue.