339 So.2d 302 (1976)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Sergeant Gerald MINGO, Appellee.
No. 75-1728.
District Court of Appeal of Florida, Third District.
November 23, 1976.
*303 Stuart L. Simon, County Atty. and Linda B. Lyman, Asst. County Atty., for appellant.
Eugene P. Spellman and Denis Dean, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
This is an appeal by Metropolitan Dade County, respondent in the trial court, from an order entitled "Final Judgment" on a petition for writ of certiorari filed by Sergeant Gerald Mingo, appellee herein, to seek review of a decision of the county manager of Dade County, upholding a ten day suspension of Mingo from his position as a police officer, by the director of the Dade County Public Safety Department.
The record reflects that on July 23, 1974, Sergeant Mingo was suspended for ten days without pay for violations of two departmental rules: (1) acting in a manner tending to bring discredit upon himself or the department, and (2) knowingly entering or causing to be entered in any records, inaccurate, false or improper information. Mingo was informed of the suspension by letter from the director of the Public Safety Department stating that he was a passenger in a vehicle involved in a vehicular accident, that he left the scene without reporting the accident; and that during an official investigation he denied being at the scene of the *304 accident or being in the vehicle which fled the scene.
Following a full administrative hearing, the hearing examiner made specific findings of fact with reference to the accident as well as to Mingo's sobriety and his truthfulness in the Internal Review investigation. The hearing examiner further found that Mingo's conduct justified the disciplinary action taken. On appeal to the county manager, on the basis of the hearing examiner's findings and recommendations, and the record of the hearing, the decision was upheld, and the suspension was confirmed.
Mingo then sought review by filing a petition for writ of certiorari in the circuit court, which resulted in the final judgment herein appealed. The judge found that since by statute in Florida, the duty or responsibility to remain at the scene of an accident is imposed on the driver and not the passenger, there was not competent, substantial evidence to sustain the hearing examiner's finding that Mingo left the scene of an accident without reporting it. The judgment provides that the ten day suspension "is deemed harsh in view of all the facts and circumstances and is hereby reduced to a five day suspension."
On appeal from the final judgment, Dade County contends that the court (1) erred in finding that there was not competent substantial evidence to support the finding that Mingo left the scene of an accident without reporting it, and (2) erred in reducing the suspension from ten days to five. Mingo has cross-assigned as error the reduction of the suspension from ten days to five days as being inconsistent with the finding of lack of substantial, competent evidence.
In certiorari proceedings from an order of an administrative agency in a quasi-judicial proceeding, the circuit court is limited in the scope of its review to a determination of whether procedural due process had been accorded, whether essential requirements of law had been observed and whether the charges were supported by substantial, competent evidence. City of Miami v. Babey, 161 So.2d 230 (Fla.3rd DCA 1964); McGuaran v. Susskind, 175 So.2d 218 (Fla.3rd DCA 1965). The question of the weight and credibility of the evidence is for the administrative agency and not the reviewing court, even though the court may have reached a different conclusion on the same testimony. McFall v. Florida State Board of Dental Examiners, 173 So.2d 458 (Fla.2nd DCA 1965); Florida State Board of Dental Examiners v. Graham, 187 So.2d 104 (Fla.3rd DCA 1966). The court should not substitute its judgment for that of the administrative fact finder who heard the testimony and was in a position to evaluate the credibility of witnesses. Pauline v. Lee, 147 So.2d 359 (Fla.2nd DCA 1962).
Appellate review by this court is limited to a determination of whether the circuit court applied the applicable law and acted in accordance with established procedure. Morris v. City of Hialeah, 140 So.2d 615 (Fla.3rd DCA 1962); McGuaran v. Susskind, supra. Neither the circuit court in its appellate capacity, nor this court should reweigh the conflicting evidence. Chastain v. Civil Service Board of Orlando, 327 So.2d 230 (Fla. 4th DCA 1976).
The Dade County Public Safety Department, through its director, has the authority to promulgate rules and regulations regarding the behavior and duties of its officers and is competent to determine what constitutes conduct of an employee "tending to bring discredit upon himself or the department." Having a position of trust and civic responsibility, a police officer should instill respect for himself and the department, and should so demean himself as to merit the confidence and respect of the public. Becker v. Merrill, 155 Fla. 379, 20 So.2d 912 (1944). See Kennett v. Barber, 159 Fla. 80, 31 So.2d 44 (1947). Therefore, we hold that the circuit court erred in its determination that there was a lack of competent, substantial evidence to support the hearing examiner's determination of fact, and we reverse the final judgment entered in this cause, and reinstate those findings together with the ten day suspension.
Reversed.