MILLS, Judge.
The University of Florida (University) seeks review of an order of the Career Service Commission (Commission) which set aside the University’s dismissal of Joiner from its employment on 13 October 1975 for fighting and which reinstated Joiner with pay as of 13 December 1975.
On appeal, the Commission found that Joiner was fighting but due to extenuating circumstances the University did not have just cause to dismiss Joiner.
“. . . The role of the Career Service Commission on appeal is to determine whether there existed competent substantial evidence to sustain the action taken by the agency and whether the facts establish ‘just cause’.”
State Department of Pollution Control v. State of Florida Career Service Commission and Hummel, 320 So.2d 846 (Fla. 1st D.C.A. 1975). This the Commission did and there
was competent substantial evidence to support its findings.
Although the University dismissed Joiner as of 13 October 1975, the Commission reinstated him with pay as of 13 December 1975. This action amounted to a suspension of Joiner for the period of 13 October to 13 December without pay. There is no authority for this action. Section 110.061(3), Florida Statutes (1975). The Commission could have reinstated Joiner with or without pay as of 13 October 1975, but it could not suspend him from 13 October to 13 December without pay and reinstate him with pay as of 13 December.
We, therefore, deny the review as to the Commission’s finding that the University did not have just cause to dismiss Joiner, but grant the review as to the Commission’s reinstatement of Joiner with pay as of 13 December 1975. We remand this case to the Commission for appropriate action consistent with this opinion.
BOYER, C. J., and JOPLING, WALLACE, Associate Judge, concur.