## LoCICERO v. HILLSBOROUGH COUNTY.

No. 77-14628.

Circuit Court Hillsborough County.

September 8, 1978.

Bennie Lazzara, Jr., Tampa, for Anthony T. LoCicero.

Maxwell Williams, County Attorney, and Joe H. Mount, Tampa, for Hillsborough County.

J. Ronald Wigginton, Tampa, for Hillsborough County Civil Service Board.

JOHN G. HODGES, Circuit Judge.

This awkward case, whose genesis, according to the pleadings, consisted of certain circumstantial insinuations, came on to be heard upon a consolidated action based upon a petition for writ of

certiorari and complaint for declaratory relief filed by Hillsborough County, and a petition for writ of certiorari filed by Anthony T. LoCicero.

Anthony T. LoCicero had been employed by Hillsborough County (hereinafter also called the appointing authority) as director of county improvement until October 20, 1977. After a predisciplinary hearing, pursuant to Hillsborough County Civil Service Rule 11.2, before Jimmy Allison, director of county development and Mr. LoCicero's superior, Mr. LoCicero was dismissed from his position as director of county improvement because of alleged improper actions relating to a roadside mowing contract with the county. He appealed his dismissal to Hillsborough County Civil Service Board (hereinafter sometimes referred to as the board) on October 24, 1977, pursuant to Hillsborough County Civil Service Rule 11.4(e).

The board set Mr. LoCicero's hearing for November 16, 1977. The full de novo hearing on appeal consumed more than 12 hours of testimony and approximately 2 hours of deliberation, taking place in two sessions beginning on November 16, 1977, and continuing on November 29, 1977. A total of 833 pages of transcribed testimony was taken in the case. At the completion of the exhaustive and somewhat desultory hearings, the board determined and orally announced that there was not just cause for termination of Mr. LoCicero, but that he should be disciplined by suspension for a period of 6 months and demoted to the lower position of county maintenance unit supervisor.

By letter dated December 5, 1977, the board notified Mr. LoCicero of its action. No written order containing findings of fact or conclusions was prepared by the board following the hearings.

By petition for writ of certiorari in Case Number 77-14628-P, Mr. LoCicero timely requested this court to review this decision of the board, alleging there was not competent, substantial evidence to support the discipline imposed on him, and further alleging that the action of the board departed from the essential requirements of law.

Hillsborough County also filed a petition for writ of certiorari and a complaint for declaratory relief in Case Number 77-14242-G, specifically questioning the board's authority to order a demotion of Mr. LoCicero.

The cases present the same issues of fact and law and were consolidated before this court upon stipulation by all parties.

All litigants properly agree that this court, in considering the issues presented by the petitions, is bound by time-honored doctrines of law which define the function and authority of a court in a certiorari review of administrative proceedings. This court's only role in such proceeding is to review the record established before the civil service board to determine: (1) whether members of the civil service board, as administrative triers-of-fact, had before them competent, substantial evidence to support their findings and conclusions, and (2) whether the civil service board departed from the essential requirements of law in its determination of the case. *General Telephone Company of Florida v. Carter,* 115 So.2d 554 (Fla. 1959), *Degroot v. Sheffield,* 95 So.2d 912 (Fla. 1957), *Pauline v. Lee,* 147 So.2d 359 (2nd D.C.A. 1962), *McFall v. Florida State Board of Dental Examiners,* 173 So.2d 458 (2nd D.C.A. 1965).

Further, it is understood by all parties, that this court cannot reweigh or evaluate the evidence previously presented for the purpose of determining where the preponderance lies, *City of Pensacola* v. *Maxwell,* 49 So.2d 527 (Fla. 1950), nor can this court, in this proceeding, evaluate the credibility of witnesses or reconcile conflicts in evidence, *Chicken 'n Things v. Murry,* 329 So.2d 302 (Fla. 1976).

In performing its task in this case, this court has closely reviewed the record made during the civil service appeal hearings on November 16, 1977 and November 29, 1977, examining not only the testimony presented by all parties but also exhibits introduced by the appointing authority and Mr. LoCicero. Further, this court has studied the briefs presented by all parties and has heard extensive oral arguments on the facts and law concerning the case.

Because no written order was prepared by the board following the hearings and in an effort to understand the action taken by the board on November 29, 1977, this court ordered the cause remanded to that board for preparation of a written order containing: (A) findings of fact with regard to several particular charges brought against Mr. LoCicero; and (B) the conclusions of the board indicating specifically whether just cause for dismissal was found with regard to the charges against Mr. LoCicero. The only charge realistically considered by the board accused him of gross negligence in connection with the mowing contract.

This court now has before it the order on remand entered by the civil service board on August 28, 1978, by unanimous vote.

The court has attempted to ignore and to exclude from its consideration the distracting overtones and unproven innuendos that

appear to have been present in this case from the beginning, and which have tended to becloud the real questions and prolong the proceedings with side issues.

The court, having duly considered the entire record, including the August 28, 1978, order on remand issued by the board, finds —

1. There was competent substantial evidence presented before the board supporting its findings in the order on remand that —

a. The *subject 1976 roadside mowing contract was prepared by the county engineering department at the request of Jimmy Allison.* At that time, *Jimmy Allison was director of county development and acting county engineer. The form that was used for the contract was a form for construction work rather than for service work.* As a result, *the contract did not provide for adequate scheduling, monitoring or record keeping.* These *deficiencies were confirmed by* an independent survey conducted by *Touche-Ross and Company which company* also noted that *monitoring of the subject roadside mowing contract was impossible.*

b. The *deficiencies in the contract document created a situation which could not reasonably be administered, monitored or enforced.*

c. The *acting county engineer and his subordinates should have initiated adequate safeguards to insure that the county did not pay for work which had not been performed.*

d. Notwithstanding the foregoing, the *acting county engineer allowed the poorly drawn and ineffective contract to be put into force. The superintendent of maintenance, Doug Trent, was given the responsibility to monitor the contract work. Mr. Trent was a subordinate of Anthony LoCicero. Mr. LoCicero's superior was Mr. Allison.* (Italics added.)

2. There was no competent, substantial evidence presented the board by Hillsborough County establishing any malfeasance or fraud by Anthony T. LoCicero. Considered most favorably to Hillsborough County, there may have been some evidence as to nonfeasance by LoCicero in that it was concluded that full documentation was not obtained before approval of payment (which the board has labeled "careless"), but again no finding of fact was made in this regard and it must be considered in light of the foregoing specific findings that effective contract monitoring was impossible and that administration or enforcement of said contract could not reasonably be expected.

The court cannot, in any event, make any intelligent determination with respect to the vague and nebulous use by the board of the adjective "careless" because the term is totally lacking in legal definition. No mention was made as to the degree of carelessness involved.

The court is constrained to find, therefore, that there was no competent, substantial evidence to support the conclusion of carelessness on the part of Mr. LoCicero. But, even if there were, it is impossible for the court to ascertain or discover any basis in law or fact for selective discipline against him based upon the mere conclusion of his "carelessness." This is so because no thesis or criteria can be fashioned by facts in the lengthy and amorphous record here for a fair and reasonable assessment or measurement of culpability or carelessness among the several participants in the overall deficit performance involved in the preparation, execution, administration and monitoring of the pivotal mowing contract involved or the alleged over-payment for actual services rendered under it.

A more reasonable conclusion would have been that everybody's business was nobody's accountability and that no clear crystalization of the areas of responsibility was ever provided for efficient handling of the contract in an unusual and disappointing milieu such as the one which developed in this case.

3. Hillsborough County, as the appointing authority herein, did not establish by competent, substantial evidence presented before the board that the aforementioned payment approval by LoCicero constituted gross neglect of duty nor did Hillsborough County establish this employee's guilt of any other charge brought against him herein to the exclusion of contrary competent and substantial evidence.

4. In considering a classified employee's appeal of disciplinary action taken against him by his appointing authority, the board may lawfully consider extenuating matters (see *Cobb* v. *Brautigan,* 239 So.2d 125 (1st D.C.A., 1970); *Board of Regents of State of Florida* v. *Joiner,* 343 So.2d 1362 (1st D.C.A., 1977), and in the instant case, had before it competent, substantial evidence as to the following mitigating factors —

    a. The deficiencies in the contract referred to above and the fact that Mr. LoCicero did not prepare the contract.

    b. The high ratings given to Mr. LoCicero by Mr. Allison, including a 90.5 during the time the contract was being administered.

c. The fact that Mr. LoCicero's department was understaffed at the time making it almost impossible to monitor the work.

d. The long history of excellent service Mr. LoCicero has given as a county employee.

5. The board's specific finding and determination that there was insufficient evidence presented by the appointing authority to constitute just cause for removal from the classified service of Hillsborough County appears well supported by competent, substantial evidence and is controlling herein.

6. The board's imposition of selective punishment (demotion and suspension for Mr. LoCicero due to his alleged careless approval for payment of certain invoices) exceeded the board's authority.

In attempting to impose discipline, after concluding there was not just cause for removal, the board acted under the apparent authority of their rules as they interpreted those rules in November, 1977. However, the law of this state with regard to the authority of the civil service board in cases of this type has been enunciated and is well settled. In *City of Clearwater* v. *Garretson,* 355 So.2d 1248 (2nd D.C.A. 1978), opinion issued on March 8, 1978, with rehearing denied on April 5, 1978, the Second District Court of Appeal determined that the civil service board has the authority, in reinstatement cases, to do two things and two things only. That is, the board may reinstate to the original position, *if there is no finding of just cause for removal,* or the board may uphold a dismissal *if there is just cause for removal.* Once more, the board can take no other course of action.

Having properly determined that there was insufficient evidence presented by the appointing authority to constitute just cause for removal from the classified service of Hillsborough County, the board could have only reinstated said employee to the position from which removed.

It is therefore ordered and adjudged as follows —

1. The petition for writ of certiorari brought by Hillsborough County is denied.

2. The petition for writ of certiorari brought by Anthony T. LoCicero is hereby granted pursuant to which said Anthony T. LoCicero be and he is hereby reinstated to the position held previous to his termination herein as a classified employee of Hillsborough County, without loss of benefit whatsoever.