HENDRY, Chief Judge.
This is an appeal of an order of the Circuit Court of Dade County denying a petition for writ of certiorari and an order modifying the order denying certiorari.
The Metropolitan Dade County Water and Sewer Board, which shall be referred to as the board, upon its own motion pursuant to Metropolitan Dade County Code, Sec. 32-65 (b) held a public hearing on the rates and charges of Southern Gulf Utilities, Inc., a water and sewer utility, which was the petitioner below.
Upon completion of the hearing, the board issued order No. 64-5 and on petition for rehearing issued order No. 64 — 14. The board found that the rate base of petitioner should be reduced by excluding contributions in aid of construction received by the utility from customers or subdivision developers, contribution in aid of construction receivable, and profits of subsidiaries of the utility. The effect of these orders was to lower the rates of the utility.
By a petition for writ of certiorari the utility sought to question the construction and application by the board of Metropolitan Dade County Code Sec. 32-65 (c) which reads as follows:
“In fixing and determining just and reasonable rates and charges the board shall investigate and determine the actual legitimate costs of the property of each public utility, actually used and useful or having present value for future use in the public service, which costs as determined by the board shall be utilized for rate-making purpose, and shall be the money honestly and prudently invested by the public utility in such property used and useful in serving the public, less accrued depreciation, and shall not include any good will or going concern value in excess of payments made therefor.”
Petitioner contended that the board erroneously construed the ordinance in excluding the above mentioned items from the utility’s rate base, thus reducing the investment upon which the utility is allowed to earn a return.
*483 The court below on denying the petition for writ of certiorari rejected the contentions of the utility. On petition for rehearing the court modified the order denying certiorari which had the effect of excluding contributions in aid of construction receivable from the rate base unless the receivables are uncollectable through litigation or foreclosure. Then the uncollectable contribution may be added to the rate base. .
The principle point to be determined on this appeal is whether a contribution in aid of construction receivable should be deducted from the rate base prior to its actual receipt. The petitioner urges that the procedure should be in reverse; that the proper method to determine the rate base would not be the deduction of the contributions receivable from the rate base until they are actually received. Petitioner contends that the error is compounded by the fact that the contributions receivable are predicated upon an additional expenditure by the utility.
The facts reveal that the utility had contributions receivable in the amount of $393,-636 as of the period under consideration by the board. This represents the amount of contributions that the utility is entitled to receive pursuant to a series of contracts with developers after the utility provided water and sewer service to the property involved. The payment of the contributions was secured in the contracts by a lien upon the property which was unenforceable until after the water and sewer service had been provided. The utility listed contributions receivable as assets.
In affirming the board the court below in its order denying certiorari, found that:
“The board treated as contributions certain contributions receivable shown on the utility’s accounts as assets and not shown to have been in default or overage. This finding or determination of the board is supported by substantial competent evidence in the record and should not be disturbed.”
 The extent of our review on this appeal is to decide whether the circuit court applied the applicable law and acted in accordance with established procedure. The error which must be demonstrated for reversal is an error of the circuit court not the board.[1] It was the court’s duty to determine whether the board had before it competent substantial evidence to support its findings and conclusions and complied with the essential requirements of law.[2]
The petitioner has cited no authority in support of its view that where collection of the contributions receivable are contingent upon expenditures by the utility it would be clearly erroneous to treat them as contributions until received. Nor do we find pursuasive the argument that since the rate base is reduced below expenditures during the period prior to collection of the receivables it would be inequitable to exclude them from the rate base until actually received. Our examination of the record discloses that the court committed no error in its review of the board’s findings and conclusions.
We have determined that the cost necessarily expended by the utility toward collection of the contributions receivable such as the cost of litigation and foreclosure proceedings must be considered an investment upon which the utility is allowed to earn a return.
The order of the circuit court on rehearing modifying the order denying certiorari is modified to include the following paragraph:
(c) Any costs necessarily expended by the utility in order to collect the contributions receivable such as the cost of litigation and foreclosure proceedings shall be included in the rate base.
*484 We have thoroughly considered petitioner’s other points on appeal and found them to be without merit.
The orders of the circuit court as modified are affirmed.
Amended and affirmed.

. Morris v. City of Hialeah, Fla.App.1962, 140 So.2d 615.

. General Telephone Company of Florida v. Carter, Fla.1959, 115 So.2d 554.