274 So.2d 597 (1973)
FLORIDA CROWN UTILITY SERVICES, INC., a Florida Corporation, Appellant,
v.
UTILITY REGULATORY BOARD of the City of Jacksonville, Appellee.
No. P-450.
District Court of Appeal of Florida, First District.
March 15, 1973.
*598 Robert J. Kelly, Tallahassee, and John B. Chandler, Jr., of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellant.
T. Edward Austin, Jr., and William D. Moore, Jacksonville, for appellee.
SPECTOR, Chief Judge.
Appellant seeks reversal of an adverse order entered by the circuit court in a certiorari proceeding by which it sought review of an order entered by the appellee in a utility rate case. We have jurisdiction to entertain this appeal from an order of the circuit court denying certiorari review of a utility board's administrative order on rates. Southern Gulf Utility, Inc. v. Metropolitan Dade County Water and Sewer Board, 180 So.2d 481 (Fla.App.); Westwood Lake v. Metropolitan Dade County Water and Sewer Board, 203 So.2d 363 (Fla.App. 1967).
The appellant sewer and water company filed an application for a rate hearing before the appellee municipal regulatory board. Shortly thereafter a hearing was had at which evidence was received from appellant's witnesses, appellee's staff and the public. An order was entered by the regulatory board denying appellant's application for an increase in rates. On the contrary, the order entered by the board in the same proceeding reduced the rates permitted to be charged to appellant's customers.
For reversal, appellant raises a number of alleged errors. Appellant contends, inter alia, that the board erroneously disallowed management fees as an expense for rate-making purposes in the amount of $12,500 as claimed and reduced that item to $5,400 without substantial competent evidence in the record to sustain the reduction. We agree that it was error. In Westwood Lake, Inc. v. Metropolitan Dade County Water and Sewer Board, 203 So.2d 363 (Fla.App. 1967), the court condemned such disallowances where there was no competent evidence to show that the amount paid was excessive for the services rendered. Appellant aptly points out that the board had one of the recipients of the management fees in question under subpoena but failed to call him as a witness regarding the services performed by him. Opinions of regulatory board staffs as to executive compensation and management fees unsupported by evidence cannot be sustained as the basis for disallowance of such expenses. Westwood Lake, Inc. v. Metropolitan Dade County Water and Sewer Board, supra.
Appellant also contends that it was a departure from the essential requirements of law to disallow the expenses incurred by it in connection with the rate hearing. This claim appears to be supported by the Westwood Lake case, supra, and authorities cited therein at page 366. The board in the case at bar refused to allow this item of expense on the ground that the hearing has served no practical purpose for rate payers since no rate increase was granted. While we recognize the well settled rule that a regulatory board is vested with broad discretion concerning the allowance of rate hearing expense, it is equally well settled that whether a rate increase is granted is not the sole criteria on which that discretion rests. Accordingly, we hold *599 that the disallowance of these expenses and the grounds relied upon by the board, without more, constituted a departure from the essential requirements of law.
The most vital issue raised by appellant concerns the rate base upon which the allowed rate is fixed. Chapter 69-1166, Laws of Florida, 1969, authorizes the City of Jacksonville to regulate private water and sewage systems and to fix rates therefor. The statutory criteria for fixing the rate base is found in Section 2 of Chapter 69-1166, which reads as follows:
"Rate Base. Rates of utility companies shall be fixed to insure that all rates or other charges by utilities within the purview of this act shall be fair, just, and compensatory. In setting rates, there shall be included contributions and aid to construction in the rate base where such factor is necessary to insure a fair, just, reasonable, and compensatory rate of return for the utility."
By its Ordinance 70-406-430, the City of Jacksonville implemented Section 2 of the enabling statute quoted above in nearly identical language. Section 4 of the Ordinance states:
"Section 4  Duties and Powers of Utility Regulatory Board.
(c) To fix rates, connection charges and other charges of utility companies, and in so doing to insure that all rates or other charges shall be fair, just, reasonable and compensatory. In setting rates, the Board shall include contributions in aid to construction in the rate base where such factor is necessary to insure a fair, just, reasonable and compensatory rate of return to the owner of such water or sewer system;"
And finally the appellee board's own rule implementing both the statute and ordinance above cited reads as follows:
"Section 7. Rate Base. In determining the rate base upon which reasonable rates are to be fixed the Board shall investigate and determine the actual legitimate costs of the property of each utility, actually used and useful or having present value for future use in the service, and shall be the money honestly and prudently invested by the utility company in such property used and useful in serving the public, less accrued depreciation. Said rate base shall include contributions in aid to construction, replacement costs, engineer's evaluation reports and other data where such factor is necessary to insure a fair, just, reasonable, and compensatory rate of return to the utility company."
The appellant's complaint about the rate base is twofold. First, it is contended that the board failed to follow the command of its own rate base rule in Section 7 by using an erroneous method to establish the actual legitimate costs of the property of the appellant utility, thereby arriving at a property base wholly insufficient to serve as a proper base upon which to fix reasonable rates. The uncontroverted evidence before the board established that appellant had acquired the utility from a former owner. The latter had failed to make available to its successor in ownership, appellant here, any original cost records. Accordingly, appellant's application for a rate increase was not based upon the first criteria set forth in Section 7 of the board rules, that is, upon the "actual legitimate costs of the property ... less accrued depreciation". Rather, the application of appellant was based on the criteria embodied in the second sentence of Section 7, to wit: "Said rate base shall include contributions in aid to construction, replacement costs, engineers evaluation reports and other data where such factor is necessary to insure a fair, just, reasonable, and compensatory rate of return to the utility company."
Although its own rule requires the board to base rates on the "actual legitimate costs of the property ... less depreciation", the board substituted for that figure the acquisition cost to the present owner, appellant herein. In other words, by its own admission, the board substituted "acquisition cost" for the criteria *600 established by its own rule, "actual legitimate costs of the property ... actually used and useful, etc." We find no authority for such substitution of criteria.
Apparently, the appellee board used acquisition cost rather than the criteria provided in the rule because the original cost figures were unavailable. However, the law seems clear that where original costs are unavailable, they should be reconstructed by an engineer's estimate. In Southern States Utility, Inc. v. Duval County Board of County Commissioners, 82 PUR 3d 452 (1969), the proper course to be followed where the original cost figures are not available was stated in the following manner:
"It was shown by the testimony that the original accounting books and records of the predecessor company (the original company owning the utilities prior to acquisition by petitioner herein) were adequate to determine the original cost of the properties ... It is well established under utility rate regulatory law that where accounting records have been inadequate to determine the cost of the utility's assets, the rate base for the company can be established by an engineer's appraisal and estimate of historical cost which is accomplished by engineer's inventory of the physical property and a pricing of the items at actual estimated cost at the time of construction or installation. The historical cost thus found, less depreciation, provided a legally acceptable valuation for utility property."
Quoting from Garfield and Lovejoy's "Public Utility Economics", the Southern States Utility case, supra, further stated:
"In the past, the utility company's books and records were sometimes inadequate to permit a determination of historical cost. In such cases, the historical cost of the existing plant was estimated by making an inventory of the physical property and pricing each of the items at the actual cost at the time of construction or installation. The historical cost, thus found, plus an allowance for the overhead charges incurred during construction and less depreciation would provide evaluation of the tangible property.
"Original cost is determined by studies of available books and records; if the original cost of plant cannot be determined, it may be estimated."
Appellee board's departure from its own rate base determining criteria constituted a departure from the essential requirements of law. Moreover, it is undisputed that the board did not take into account the criteria specified in the second sentence of Section 7 of its own rules in establishing its rate base for the appellant. That portion of Section 7 provides that the rate base shall include contributions in aid to construction, replacement costs, engineer's evaluation reports and other data where such factor is necessary to insure a fair, just, reasonable, and compensatory rate of return to the utility company. Since the board failed to properly determine "actual legitimate costs" for rate base purposes, it follows that the rate of return established by it cannot be said to insure a fair, just, reasonable and compensatory rate of return to appellant. Consideration of all of the criteria enumerated in the board's rate base is mandated by Section 7 where necessary to insure a fair return.
Appellee board argues that it need not ascertain "actual legitimate cost" to establish the rate base. It cites the 1951 case of Jacksonville Gas Corporation v. Florida Railroad and Public Utilities Commission, 50 So.2d 887 (Fla.), for its authority to establish the rate base on the "actual cost" or purchase price of the utility to appellant. Yet, to do so flies in the face of its own rule requiring the rate base to be predicated on "actual legitimate cost". The board also contends that Westwood Lake, Inc. v. Metropolitan Dade County Water and Sewer Board, supra, is authority for excluding contributions in aid of construction from the rate base. While *601 that was the holding in Westwood Lake, the Dade County rate ordinance there being considered [Chapter 32, Code of Metropolitan Dade County] expressly provides that such contributed property shall be excluded from the rate base and prohibits any return on any property acquired as contributions in aid of construction, Dade County v. General Waterworks Corp., 267 So.2d 633 (Fla. 1972). However, the statute, ordinance and rule in question in this proceeding expressly requires contributions in aid to construction to be considered in order to arrive at a fair, just, reasonable and compensatory rate of return.
There are other points on appeal raised by appellant which need not now be decided in view of our decision to reverse and remand this cause to the lower court with directions to remand the cause to the board with instructions that said board conduct further proceedings in accordance with this opinion.
Reversed.
CARROLL, DONALD K., and RAWLS, JJ., concur.