289 So.2d 774 (1974)
In re C.B. SMITH, Incompetent.
C.B. SMITH, Individually, and Marcia Carlson, As Guardian Ad Litem of C.B. Smith, an Incompetent, Petitioner,
v.
Claflin GARST, Jr., Respondent.
No. 72-490.
District Court of Appeal of Florida, Second District.
February 8, 1974.
*775 Gale K. Greene, Sarasota, for petitioner.
No appearance for respondent.
HOBSON, Acting Chief Judge.
This is an appeal from an order denying petitioner's motion to vacate and set aside an order adjudicating him incompetent.
It is necessary to set forth a history of this case in order to see that justice is done under the laws and appellate procedures of Florida.
On September 23, 1969, a hearing was held in the County Judge's Court on an inquisition of incompetency. After said hearing, on October 6, 1969 the court entered an order releasing the petitioner to the custody of his brother who resided in Indiana. Petitioner was to reside with his brother for an unspecified time and receive psychiatric counselling. The order further provided that the counsellor (we assume the court counsellor) should report monthly to the court on the progress of the petitioner and that at a reasonable time in the future the court would rule.
The record reveals that the next contact in this matter was between petitioner's brother by way of a letter dated December 31, 1970 to the court, in substance, saying that it had been 16 months since the court entered its order and that the court had not ruled as of that time. On January 6, 1971, the court replied to petitioner's brother stating, among other things, that it was entering its ruling on the case. However, the court did not indicate when it would enter its ruling or whether it would rule the petitioner incompetent or competent. On the same date as its letter of January 6, 1971, the court entered an order adjudicating the petitioner incompetent. In June 1970 petitioner moved his residence with his brother from Indiana to Springfield, Ohio.
The petitioner was represented at the original hearing by Mr. Gerald Surfus who was contacted orally by the court prior to the entry of its order dated January 6, 1971 and stated to the court that he no longer represented the petitioner. Mr. Surfus was not served or advised of the order of incompetency as he had advised the court that he no longer represented the petitioner. The petitioner's brother was not advised of the entry of the order nor was petitioner himself advised thereof. It was not until on or about March 17, 1971, after the time for appeal had run, that the petitioner's present attorney became aware of the incompetency order.
Prior to April 10, 1971, within one year of the entry of the incompetency order, petitioner's present attorney discussed the disposition of the matter with the court. On several occasions thereafter petitioner's attorney contacted the court regarding the matter and was unsuccessful in reaching any satisfactory conclusion. Finally, in April 1972 petitioner filed a motion to vacate and set aside the order adjudicating *776 him incompetent. The order appealed is the order denying petitioner's motion to vacate and set aside the order adjudicating incompetency.
The petitioner at this point is desirous of appealing the order of January 6, 1971 adjudicating him incompetent. Under the rationale of Woldarsky v. Woldarsky, Fla. App.1st 1972, 243 So.2d 629, we are remanding this cause to the trial court for the entry of an order as authorized by Rule 1.540 R.C.P., 31 F.S.A., which will provide the petitioner with an avenue for a direct appeal of his adjudication of incompetency. See Woldarsky, supra. At the time of remand the petitioner's present condition of competency should be re-evaluated.
Remanded for consideration in view of this opinion.
McNULTY and BOARDMAN, JJ., concur.