323 So.2d 661 (1975)
CITY OF OPA LOCKA, a Municipal Corporation Organized and Existing under the Laws of the State of Florida, Appellant,
v.
George CARLILE, Jr., Appellee.
No. 75-283.
District Court of Appeal of Florida, Third District.
November 18, 1975.
Rehearing Denied January 12, 1976.
*662 Weintraub & Weintraub and Jan K. Seiden, Miami, for appellant.
Eugene P. Spellman and Dennis R. Kuhn, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant, the City of Opa-Locka, respondent below, brings this appeal from a final order of the circuit court issuing its writ of certiorari and quashing a dismissal of appellee, petitioner below, from employment with appellant. Said order also awarded back pay to appellee.
On June 19, 1974, appellee was dismissed from his position as police officer with appellant. The dismissal was for his alleged failure to assist another police officer with certain paperwork in violation of appellant's personnel rules. Appellee appealed to the City of Opa-Locka Personnel Board, and on July 24-25, 1974, a public hearing was held and a majority of the Personnel Board made findings of fact and recommended to the City Manager of appellant that appellee's dismissal be upheld due to his violation of appellant's personnel rules. Based on these findings of fact and recommendation, appellee's dismissal was upheld.
Appellee then filed a petition for writ of certiorari in the circuit court which on February 7, 1975 issued an order granting certiorari, quashing appellee's dismissal, and ordering his reinstatement with back pay. From this order, appellant appeals.
Appellant raises two points on appeal First, it contends that the circuit court erred in issuing the order based upon its finding that there did not exist substantial competent evidence to warrant appellee's dismissal and, second, it contends that the circuit court erred in ordering appellant to pay appellee all the compensation he would have been otherwise entitled to receive had he not been removed from employment.
*663 As stated by this court in Southern Gulf Util. v. Metropolitan Dade Co. W. & S. Bd., Fla.App. 1965, 180 So.2d 481, 483:
"The extent of our review on this appeal is to decide whether the circuit court applied the applicable law and acted in accordance with established procedure. The error which must be demonstrated for reversal is an error of the circuit court not the board. It was the court's duty to determine whether the board had before it competent substantial evidence to support its findings and conclusions and complied with the essential requirements of law."
In the instant appeal, our review is likewise limited.
In certiorari proceedings brought relative to the determinations of an administrative body, it is an often cited principle that the function of the court is not to weigh conflicting evidence, but rather to review whether such determinations are supported by substantial competent evidence. Southern Gulf Util. v. Metropolitan Dade Co. W.S. Bd., Fla.App. 1965, 180 So.2d 481; Ammerman v. Florida Board of Pharmacy, Fla.App. 1965, 174 So.2d 425; Florida State Board of Dental Exam. v. Feinglass, Fla.App. 1964, 166 So.2d 686; 1 Fla.Jur., Administrative Law, §§ 191-194, and cases cited therein. Here the circuit court, acting as the reviewing court on petition for certiorari from the Personnel Board, held that there did not exist substantial competent evidence to warrant the dismissal of appellee from his position as police officer with appellant.
Applying the above rationale to this appeal, we find that the chancellor was eminently correct in his decision of the issue raised concerning the evidence. We have considered appellant's other point on appeal and find it to be without merit.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the order appealed is affirmed.
Affirmed.