334 So.2d 842 (1976)
Joseph BONURA, Appellant,
v.
Irene B. HOLLOWAY, Appellee.
No. 76-20.
District Court of Appeal of Florida, Fourth District.
July 16, 1976.
G. William Allen, Jr., of Walton Lantaff Schroeder Carson & Wahl, Fort Lauderdale, for appellant.
Carol M. Anderson of Anderson & Anderson, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Irene B. Holloway sued Joseph Bonura for malpractice arising out of dental work performed by Bonura. Bonura filed a motion to dismiss the complaint, asserting that Holloway's complaint should be dismissed because (1) Holloway had failed to pursue the administrative remedies set forth in Section 768.133(2), Florida Statutes (1975), and (2) "on its face the Complaint shows that the Statute of Limitations has run for Plaintiff's Claim."
On November 25, 1975, the court entered the following order:
"THIS CAUSE having come before the Court on November 19, 1975, on Defendant's Motion to Dismiss, and the Court having heard argument of counsel, and being otherwise fully advised in the premises, it is
"ORDERED and ADJUDGED
"THAT Defendant's Motion to Dismiss is hereby denied.
"It is further ORDERED and ADJUDGED that Defendant shall have fifteen days in which to file an answer to the complaint."
*843 The order was filed November 26, 1975. On December 5, 1975, Bonura submitted the following motion to the court:
"The Defendant, JOSEPH BONURA, D.D.S., respectfully requests the Court to Vacate that certain Order dated November 25, 1975 denying Defendant's Motion to Dismiss, and to substitution (sic) therefore, the Defendant's Proposed Order, wherein the basis of the Court's determination is set forth and respectfully shows the Court that the present Order does not give the Defendant the basis for an Interlocutory Appeal, that the question of whether Dentists do fall within the realm of the Medical Mediation Act is of great importance to the Dentists of this State and that therefore, an Order denying this Defendant's Motion should specifically relate to the grounds therefore."
On December 8, 1975, the trial court entered an order vacating the order filed November 26, 1975, and entered a new order denying Bonura's motion to dismiss:
"THIS CAUSE having come before the Court and the Court having considered the Defendant's Motion, it is
"ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss on the grounds that the Statute of Limitations had run, is denied in that it does not affirmatively appear from the pleadings that this is the case, and it is
"FURTHER ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss on the grounds that the Plaintiff has failed to pursue her administrative remedies as set forth under Section 768.133(2), Florida Statutes, is hereby denied on the grounds that said Statute does not apply to Dentists and it is
"FURTHER ORDERED AND ADJUDGED that the Defendant shall have twenty (20) days from the date of said Order to file an answer to the Complaint herein filed."
On December 30, 1975, Bonura filed a notice of interlocutory appeal seeking review of the new order denying his motion to dismiss.
Rule 4.2, F.A.R., does not provide for an interlocutory appeal to review the order in question. It is an interlocutory order in a case formerly cognizable at law. Be that as it may, if review had been timely sought we would consider treating this improvidently taken interlocutory appeal as a petition for common law certiorari as the court did in Mount Sinai Hosp. of Greater Miami, Inc. v. Wolfson, 327 So.2d 883 (Fla.3d DCA 1976), because of the importance of the question involved.
However, in our judgment, review was not timely sought because the order under attack is an amended order, and the amendment did not materially change the original order. Therefore the only interlocutory order subject to any present review was the order filed November 26, 1976.
The rule which controlls here is stated in Betts v. Fowelin, 203 So.2d 630, 632 (Fla. 4th DCA 1967):
"`* * * Thus, the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower Court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment had been plainly and properly settled with finality.'" (Emphasis added.)
The new order of December 8, 1975, did not disturb or revise any legal rights and obligations which the prior order filed November 26, 1975, had plainly settled. As a *844 matter of fact we are at a loss to understand why Bonura wanted the second order entered. It seemingly added nothing to the case nor any advantage to Bonura.
Lest this be taken as paying homage to form over substance, we note that the question is one of jurisdiction. Should we hold that immaterial amendments to orders and judgments, interlocutory or final, can extend the time for appeal, then it would do violence to the rule requiring an appeal to be taken within a specified time from the rendition of the order or judgment.
Accordingly, because Bonura did not seek review of the order filed November 26, 1975, until December 30, 1975, this cause is dismissed for lack of jurisdiction. Cf. Shevin v. Public Service Commission, Supreme Court cases 48416 and 48404, Opinion filed May 12, 1976.
It is so ordered.
MAGER, C.J., and ALDERMAN, J., concur.