367 So.2d 736 (1979)
Neely Horton GRIFFIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 78-2164.
District Court of Appeal of Florida, Fourth District.
February 21, 1979.
Norman J. Kapner of Campbell, Colbath & Kapner, West Palm Beach, for petitioner.
David H. Bludworth, State's Atty., Joseph L. Ackerman, Jr., Asst. State's Atty., and Scott N. Richardson, Legal Intern, West Palm Beach, for respondent.
BERANEK, Judge.
This is a petition for common law certiorari seeking to review and overturn a decision of the Circuit Court sitting in its appellate capacity. The order in question affirmed the County Court's conviction of the petitioner on a charge of driving while intoxicated (F.S. § 316.193) after a jury trial. Petitioner contends this decision conflicts with decisions of other Circuit Courts and the Supreme Court and on this basis seeks "conflict" certiorari.
Initially, it should be noted that review of circuit court appellate decisions by common law certiorari in the District Court is of a limited nature.[1] Certiorari jurisdiction based on "conflict" is to be distinguished from common law certiorari which is based on the ancient form of writ. Conflict certiorari is created by the Florida Constitution and governed by specific appellate *737 rules. Art. V, § 3(b)(3), Fla. Const. and Rule 9.030(a)(2)(A)(iii) Fla.R.App.P. clearly show that conflict certiorari is solely within the jurisdiction of the Supreme Court. Conversely, common law certiorari is within the jurisdiction of the District Courts of Appeal and the Circuit Courts, Art. V, § 4(b)(3), § 5(b), Fla. Const. The District Courts of Appeal do not have certiorari jurisdiction based solely on conflict.
When a case is tried in County Court, appealed to the Circuit Court and affirmed, the parties have exercised their right of review and the decision of the Circuit Court is final. Further review by common law certiorari cannot be employed so as to result in a second appeal. Kennington v. Gillman, 284 So.2d 405 (Fla. 1st DCA 1973). As stated therein at page 406:
"The extraordinary writ of certiorari is highly discretionary on the part of a Superior Court. It cannot be used as a substitute for an appeal or to give a party a second appeal. Evidentiary questions are to be resolved by the trial court and its action was properly reviewable on direct appeal by the appellate court. The correctness of the appellate court's decision is not reviewable in an attempted second appeal by a superior court in the name of certiorari. It is only when a judgment has been rendered in the absence of any competent evidence to support the judgment or material fundamental errors in applying the law that such a departure from the essential requirement of law will arise to justify a superior court to exercise its ancient power to issue the common law writ of certiorari... ."
In Townsend v. State, 97 So.2d 712 (Fla. 1st DCA 1957), the petitioner sought review by common law certiorari of an appellate decision of the circuit court. The district court noted that the circuit court was vested with final appellate jurisdiction and that this finality could not be circumvented by the device of a further appeal or certiorari. The court established a certiorari criteria substantially above mere error in stating at page 713:
"An error that warrants quashing a judgment on certiorari must be so flagrant as to constitute a departure from the essential requirements of the law with respect to procedural steps necessary to be taken or followed in order to administer justice according to the controlling and indispensable rules of law... ."
In the case presently before us, there is no demonstration of a jurisdictional basis. The reliance on conflict is completely misplaced and there is no attempt whatsoever to demonstrate the flagrant and fundamental departure from basic law required to achieve the discretionary and extraordinary review available by common law certiorari. The petition for writ of certiorari is thus denied.
CERTIORARI DENIED.
CROSS and DAUKSCH, JJ., concur.
NOTES
[1] Haddad, The Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 335 (1977).