382 So.2d 1344 (1980)
Edwin F. GORDON, Appellant,
v.
E.G. GREEN et al., Appellees.
No. 78-1831/T4-194.
District Court of Appeal of Florida, Fifth District.
April 30, 1980.
*1345 John W. Kearns, Miami, for appellant.
Bedell, Bedell, Dittmar & Zehmer, P.A., Jacksonville and Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee, Gustave T. Broberg, Jr.
Jones, Paines & Foster, P.A., West Palm Beach, for appellee, E.G. Green.
SHARP, Judge.
The notice of appeal was filed in this case on August 22, 1978. Appellant seeks review of the trial court's order dismissing Counts I, II and III dated November 9, 1977. Motions for rehearing were made and denied by an order rendered June 6, 1978. The court mailed a conformed copy of the order on June 6, 1978, to one of the defendant's attorneys, William Gillen, and he was directed to serve copies on the other parties. He filed a certificate of service with the court records stamped "June 9," indicating that a copy of the order was mailed to the attorneys for all parties "this ____ day of June, 1978." Apparently, neither of the two attorneys for the plaintiff received a copy of the order, but learned of its entry on July 26, 1978 when one of them checked the court file. The plaintiff then filed a motion for extension of time for filing notice of appeal, which was agreed to by all of the parties. Based on this agreement, the trial court entered an order extending the time for plaintiff to file his appeal through August 25, 1978.
We are bound by the decisions of the Florida Supreme Court holding that the trial court cannot extend the time to file the notice of appeal, as was attempted in this case. Ramagli Realty Co. v. Craver, 121 So.2d 648 (Fla. 1960); Salinger v. Salinger, 100 So.2d 393 (Fla. 1958); Lalow v. Codomo, 88 So.2d 752 (Fla. 1956); Bonura v. Holloway, 334 So.2d 842 (Fla. 4th DCA 1976); In the Interest of D.L.M. and D.M., Children, 320 So.2d 830 (Fla. 4th DCA 1975).
However under the circumstances in this case, the time for filing the appeal could possibly have been extended by asking the trial court to vacate the order pursuant to Rule 1.540(a) or 1.540(b) of the Florida Rules of Civil Procedure. Town of Hialeah Gardens v. Hendry, 376 So.2d 1162 (Fla. 1979); Smith v. Garst, 289 So.2d 774 (Fla. 2d DCA 1974); Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971). We do not relish the triumph of form over substance. We therefore relinquish jurisdiction and remand this case to the trial court for a determination of whether motions to vacate the order pursuant to Rule 1.540(a) or 1.540(b) should be granted. Compare Fla.R.App.P. 9.040(c).
REMANDED.
ORFINGER, J., concurs.
CROSS, J., dissents with opinion.
CROSS, Judge, dissenting.
I respectfully dissent.
I would dismiss the appeal as being untimely filed.