392 So.2d 6 (1980)
Edward CAMPBELL, Chairman, Etc., et al., Appellants,
v.
Paul R. VETTER, Appellee.
No. 77-757.
District Court of Appeal of Florida, Fourth District.
October 29, 1980.
Rehearing Denied January 22, 1981.
*7 J.T. Frankenberger, City Atty., James A. Thomas, Deputy City Atty., Sherman Bennett Mayor, City Atty., and Matthew J. Schaefer, Asst. City Atty., Hollywood, for appellants, Edward Campbell and City of Hollywood.
Sheldon M. Schapiro of Stone, Schapiro & Dell, P.A., Hollywood, for appellee.
MOORE, Judge.
This case is before us on a petition for writ of common law certiorari. The respondent, Vetter, was discharged from his employment as a police officer for the City of Hollywood. The discharge was affirmed by the petitioner, Civil Service Board of the City of Hollywood (Board), and upon review by the circuit court, the Board's affirmance was reversed. The circuit court ordered that Vetter be reinstated with full back pay. The Board now wants this Court to quash the order of the circuit court.
Previously, when this case was before us we considered the appropriate scope of our review by certiorari directed to circuit courts acting in their review capacity over local administrative boards.[1]Campbell v. Vetter, 375 So.2d 4 (Fla. 4th DCA 1979). We were unable to determine whether our writ should issue because the circuit court had reversed the order of the Board without an opinion. Accordingly, we temporarily relinquished jurisdiction to the circuit court to allow the court to prepare an opinion explaining the "theory and reasoning upon which it reversed the order of the Board". We have received that opinion. The issue before us now is whether we should exercise our discretion by issuing our writ of certiorari, and quash the court's order. We find that the court properly exercised its jurisdiction, and conformed to the essential requirements of law. We deny certiorari.
The circuit court found that the Board's decision was not supported by substantial competent evidence, that the essential requirements of law were not observed, and that Vetter was not accorded procedural due process. Although we agree with the court in all respects we will discuss only the absence of substantial competent evidence to support the Board's decision. In doing so, we again clarify the appropriate standards of review.
In reviewing decisions of lower tribunals the circuit court's scope of review is limited to a determination of whether procedural due process has been accorded, whether the essential requirements of law have been observed, and whether the decision is supported by substantial competent *8 evidence. Metropolitan Dade County v. Mingo, 339 So.2d 302 (Fla. 3rd DCA 1976); McGuaran v. Susskind, 175 So.2d 218 (Fla. 3rd DCA 1965); City of Miami v. Babey, 161 So.2d 230 (Fla. 3rd DCA 1964). In its review capacity, a circuit court may not reevaluate conflicts in the evidence to determine whether there is substantial competent evidence to support the decision of the lower tribunal. Chastain v. Civil Service Board of Orlando, 327 So.2d 230 (Fla. 4th DCA 1976). Such action would amount to an improper granting of a trial de novo. See, Southern Gulf Utilities v. Metropolitan Dade County Water and Sewer Board, 180 So.2d 481 (Fla. 3rd DCA 1965); City of Opa Locka v. Carlile, 323 So.2d 661 (Fla. 3rd DCA 1975).
In exercising our common law certiorari jurisdiction to review a decision of the circuit court acting in its review capacity, our review is even more limited in scope. It extends only to a determination of whether the circuit court followed procedural due process and observed the essential requirements of law. As with the circuit court, we may not reweigh the conflicting evidence.
The petitioners contest the circuit court's finding that there was a lack of substantial competent evidence upon which the Board based its order. Issuance of our writ of certiorari would be proper only if the circuit court failed to observe the essential requirements of law in making that finding. Thus, if the record fails to disclose any competent evidence to support the decision of the Board, the circuit court was correct in reversing the Board's order. See, Kennington v. Gillman, 284 So.2d 405 (Fla. 1st DCA 1973); Lee v. State, 374 So.2d 1094 (Fla. 4th DCA 1979); Griffin v. State, 367 So.2d 736 (Fla. 4th DCA 1979). Certiorari may not be used as a substitute for appeal, nor to give a losing party a second appeal. Admission of evidence is to be determined by the fact finding tribunal subject to review by the circuit court. The correctness of the reviewing court's decision cannot be subject to further appellate review. See, Kennington v. Gillman, supra, at 406.
We find that the circuit court did not reweigh the evidence presented before the Board. Rather, the court analyzed the quality and quantity of the evidence to determine whether such evidence was substantial and competent to support the Board's findings that Vetter had violated departmental rules and regulations. The circuit court found that the case against Vetter was permeated with the introduction, over his objection, of hearsay evidence, and concluded that there was no substantial competent evidence to support the Board's findings of fact and conclusions of law. We realize that a certain amount of hearsay evidence can be tolerated in an administrative proceeding even though similar evidence in a trial court would mandate reversal because of its prejudicial effect. Jones v. City of Hialeah, 294 So.2d 686 (Fla. 3rd DCA 1974).[2] However, in this case, the evidence against Vetter was so infected with the introduction of hearsay that the circuit court was entirely justified in concluding that, without the hearsay evidence, the charges against Vetter were unsubstantiated by other competent evidence.
The Board has failed to demonstrate that the circuit court sitting in its review capacity failed to accord procedural due process or observe the essential requirements of law. Accordingly, the petition for writ of certiorari is denied.
CERTIORARI DENIED.
ANSTEAD, J., and STUART M. SIMONS, Associate Judge, concur.
NOTES
[1] Although the Board erroneously styled its couse as an appeal, we treated the appeal as a petition for writ of certiorari and granted review on that basis.
[2] In Jones v. City of Hialeah, the court allowed such an amount of hearsay evidence as would be compatible with fundamental fairness. In the present case, the rules concerning hearsay evidence were expressly stated in the Civil Service Act of the City of Hollywood, as follows: Section 16(21) provided that "proceedings shall be as informal as compatible with justice." Section 16(3) provided that "the admission of evidence shall be governed by the rules applied by the court in civil cases." Thus, there appears to be a stricter limitation on hearsay than in Jones.