392 So.2d 575 (1980)
Robert E. DOOLEY and Ann M. Dooley, Petitioners,
v.
Charles H. CULVER, Respondent.
No. 80-1341.
District Court of Appeal of Florida, Fourth District.
November 19, 1980.
Robert E. Dooley and Gaylord A. Wood, Jr., Fort Lauderdale, for petitioners.
*576 Peter N. Hanna, Fort Lauderdale, for respondent.
HERSEY, Judge.
This petition for writ of certiorari seeks review of an order of the circuit court entered in its appellant capacity.
Petitioners (landlords) filed a complaint in county court seeking damages allegedly incurred by reason of increased insurance rates directly attributable to the operation of tenant's business. Pursuant to the lease, any such increased rates were to be paid by tenant.
Tenant filed a motion to dismiss the complaint and on July 12, 1978, the court entered an order denying the motion and allowing tenant ten (10) days to file his answer. On July 28, 1978, landlord filed a motion for default on the basis that no answer had been filed. Default was then entered by the court on July 31, 1978. On August 2, 1978, tenant moved to vacate the order of default, alleging non-receipt of the July 12th order. Tenant also alleged a meritorious defense, stating that his answer would allege that the lease between the parties was void and would deny the allegations of the complaint concerning the reason for an increase in insurance premiums. The trial court denied this motion and, upon landlord's affidavit of damages, entered a final judgment in favor of landlord.
Tenant appealed to the circuit court which vacated the order of default and final judgment, finding that the county court had abused its discretion in entering the default. The circuit court further ordered that "a reasonable attorney's fee shall be granted Appellant [tenant] and against Appellees, the amount of which shall be subject to review by this Court."
The circuit court is vested with final appellate jurisdiction over county court cases and this finality cannot be circumvented by the device of a further appeal or certiorari. Griffin v. State, 367 So.2d 736 (Fla. 4th DCA 1979). Review by certiorari of an order entered by a circuit court sitting in its appellate capacity requires more than a demonstration of mere error. Griffin v. State, supra, Magnus v. Century Village, Inc., 379 So.2d 145 (Fla. 4th DCA 1980). As stated in Kennington v. Gillman, 284 So.2d 405 (Fla. 1st DCA 1973) and quoted in Magnus v. Century Village, supra, at 146:
It is only when a judgment has been rendered in the absence of any competent evidence to support the judgment or material fundamental errors in applying the law that such a departure from the essential requirement of law will arise to justify a superior court to exercise its ancient power to issue the common law writ of certiorari.
Petitioners have not demonstrated that the circuit court committed such error in vacating the default. Florida has a long standing policy of liberality towards the vacation of defaults, so that the merits of a cause may be reached. Westinghouse Credit Corporation v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978).
However, in awarding attorney's fees, the circuit court did commit fundamental error. Allowance of attorney's fees is in derogation of the common law. Accordingly, attorneys' fees may be awarded only if provided for by contract or statute. Stone v. Jefferies, 208 So.2d 827 (Fla. 1968). The rental agreement involved here contains a provision allowing attorney's fees to landlord when he is required to institute suit for the collection of rent. There is no provision authorizing attorney's fees to tenant under any circumstances. In the case of residential rentals, Section 83.48, Florida Statutes (1979) converts a provision which permits the landlord to recover his attorney's fees from a defaulting tenant into a reciprocal right to attorney's fees in a tenant who prevails in litigation involving his tenancy. No such statute exists for the benefit of the tenant of non-residential property. Thus, the circuit court was without authority to award attorney's fees.
Accordingly, as to the award of attorney's fees, we grant the petition for writ of certiorari and quash the judgment of the *577 circuit court; as to vacation of the default, we deny the petition.
BERANEK and HURLEY, JJ., concur.