SCHWARTZ, Chief Judge.

On Motion to Dismiss

On November 21, 1983, a final order of dismissal was rendered against the plaintiff-appellant in the trial court. On December 9, beyond the ten day rehearing time provided by Fla.R.Civ.P. 1.530, the plaintiff served a Motion to Set Aside the Order of Dismissal under Fla.R.Civ.P. 1.540(b) on the ground that counsel had not received timely notice of the application for the order or its entry. After hearing, that motion was denied on January 13, 1984, and the plaintiff filed a notice of appeal, purportedly directed to the final order of dismissal, on February 9, 1984.
Upon consideration of the appellees’ present motion to dismiss the appeal, we hold, as Fla.R.Civ.P. 1.540(b) expressly provides,[1] that the December 9 motion did not suspend the finality of the November 21, 1983 dismissal with the result that, since the notice of appeal was filed more than 30 days thereafter, this court lacks jurisdiction to review it. Insofar as Gordon v. Green, 382 So.2d 1344 (Fla. 5th DCA 1980) indicates otherwise, our decision is simply at odds with that one.[2]
Since the notice of appeal was, however, filed within thirty days of the separately-appealable January 13, 1984 order denying the motion for relief under Rule 1.540(b), see Fla.R.App.P. 9.130(a)(5), there is no reason why the notice should not be treated as one which seeks review of that order and we will consequently so consider this appeal. Puga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3d DCA 1982) (en banc).[3] On that basis alone, the motion to dismiss is denied.

. "A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation.”

. The appellees’ reliance on Meyerson v. Texsol, Inc., 385 So.2d 5 (Fla. 3d DCA 1980) is misplaced. In that case, the motion designated as one to set aside a final order was in fact filed within ten days so that it could be, as it was, treated as a timely-filed motion for rehearing with the consequent effect of tolling the time for appeal.

.It may be noted, notwithstanding that Puga does not require that this be the case, that the notice does make specific reference to the January 13 order, although erroneously designating it as one which finalized the November order of dismissal.