JORGENSON, Judge,
dissenting.
I respectfully dissent from the denial of certiorari in this case. Although the circuit court was correct in reversing the county manager’s decision to terminate the employee, see Campbell v. Vetter, 392 So.2d 6 (Fla. 4th DCA 1980) (circuit court correctly reversed board’s termination order because charges were unsubstantiated by the evidence), petition for rev. denied, 399 So.2d 1140 (Fla.1981); see also Metropolitan Dade County v. Marusa, 295 So.2d 704 (Fla. 3d DCA 1974) (circuit court erred in setting aside termination by county manager where there was sufficient supportive evidence in hearing examiner’s record), in my view the circuit court departed from the essential requirements of law, see City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Board of County Commissioners of Pinellas County v. City of Clearwater, 440 So.2d 497 (Fla. 2d DCA 1983); Town of Mangonia Park v. Palm Beach Oil, Inc., 436 So.2d 1138 (Fla. 4th DCA 1983), petition for rev. denied, 450 So.2d 487 (Fla.1984), when it granted further relief directing Craven’s reinstatement. The appropriate relief in the circuit court would have been a remand to the county manager with directions to return the file to the hearing examiner so that the unresolved fact credibility issues upon which this case turns are decided. See Gentile v. Department of Professional Regulation, Board of Medical Examiners, 448 So.2d 1087 (Fla. 1st DCA 1984); Metropolitan Dade County v. Stein, 296 So.2d 643, 645 (Fla. 3d DCA 1974) (Carroll, J., dissenting), cert. denied, 307 So.2d 185 (Fla.1975); cf. City of Opa-Locka v. Carlile, 323 So.2d 661 (Fla. 3d DCA 1975) (no competent evidence warranted dismissal and reinstatement proper because no question of unresolved issues), cert, dismissed, 330 So.2d 15 (Fla. 1976).