467 So.2d 746 (1985)
Arthur FALKNER and Syble Falkner, His Wife, Appellants,
v.
AMERIFIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Previously Known As First Federal Savings and Loan Association of Miami, a United States Corporation, Appellee.
No. 84-1047.
District Court of Appeal of Florida, Third District.
April 2, 1985.
Rehearing Denied May 7, 1985.
Arthur Falkner and Syble Falkner, in pro. per.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Diane H. Tutt, Miami, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The plaintiffs below appeal from a March 23, 1984 final judgment dismissing their amended complaint, filed October 23, *747 1983. On May 5th and 9th, 1983, the trial court had entered orders directed to the initial complaint, which provided that "[d]efendant's motion to dismiss is granted and [p]laintiffs' complaint is dismissed."[1] Since the dismissal of the complaint constituted a final judgment in the cause, Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980), and the plaintiffs did not timely move for rehearing  seeking leave to amend or otherwise  or appeal, the trial court had no choice but to enter the judgment of dismissal now before us on res judicata grounds. See Gries Investment Co. v. Chelton; Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180 (Fla. 3d DCA 1982).
It appears, however, that the allegations of the plaintiffs' November 29, 1983 motion to strike, and their sworn May 7, 1984 motion to vacate, to the effect that they had not been given notice or opportunity to be heard before the entry of the May, 1983 judgments, adequately set forth a claim  which has not been ruled upon below  that the judgments are "void" and thus should be set aside pursuant to Fla.R. Civ.P. 1.540(b)(4). See Gelkop v. Gelkop, 384 So.2d 195, 199-200 (Fla. 3d DCA 1980); Osceola Farms Co. v. Sanchez, 238 So.2d 477, 480 (Fla. 2d DCA 1970). Accordingly, the affirmance of the judgment now under review is specifically without prejudice to appropriate disposition[2] after remand of the plaintiffs' alleged right to relief under Fla.R.Civ.P. 1.540.[3] See Griffin v. Tauber-Manon Associates, Inc., 452 So.2d 577 (Fla. 3d DCA 1984).
Affirmed, remanded.
NOTES
[1] The order of May 5 dismissed the complaint "with prejudice;" that of May 9 did not contain these words. As Gries, infra, holds, however, the difference is irrelevant to the finality of the order.
[2] We express no opinion as to the factual merits of or the existence of any defenses to the plaintiffs' right to 1.540 relief.
[3] Of course, if the May, 1983 judgments are set aside, the March 23, 1984 judgment, which we here affirm, will then in turn necessarily itself be vacated under Rule 1.540(b)(5) (providing for vacating judgment when judgment it is based upon has been vacated).