PER CURIAM.
Appellant Meadowbrook Utility Systems, Inc. (Meadowbrook), appeals a Florida Public Service Commission (Commission) order establishing permanent water and sewer rates, presenting a number of issues for our review. Because all of the issues are addressed to the evidence and because the record reflects competent substantial evidence to support the Commission’s order, we affirm without the necessity of more specifically addressing the issues raised by Meadowbrook. The Office of Public Counsel cross appeals that portion of the order awarding recovery of rate case expense to Meadowbrook. Although we affirm the Commission’s order in full, we find the cross appeal issue warrants some brief comment.
Public Counsel has advanced cogent reasons for disallowance of rate case expense in this case. First, the record reflects that Meadowbrook incurred additional litigation expense because it applied for a rate increase in response to the Commission’s initiation of an overearnings investigation. Second, notwithstanding the Commission’s determination that Meadowbrook had exceeded its authorized rate of return during the period under investigation, the allowance of rate case expense will require the utility’s customers to pay higher rates. And third, on more than one occasion the Commission has eschewed overeamings investigations, based on the perception that if overearnings were found to exist — the inevitable result would be higher rates due to expenses incurred in the rate case proceeding. We are further cognizant of the irony noted by Public Counsel, that is, that the Commission is often thwarted in its regulatory responsibilities because an investigation might trigger a rate increase, when in reality a rate decrease is indicated.
However, despite the somewhat paradoxical result in this case, the principle is well settled that the Commission enjoys a broad discretion with respect to allowance of rate case expense. Florida Crown Utility Services, Inc. v. Utility Regulatory Board of the City of Jacksonville, 274 So.2d 597 (Fla. 1st DCA 1973). While an automatic award of rate case expense in every case, without reference to the prudence of the costs incurred in the rate case proceedings, clearly would constitute an abuse of discretion, we find no such abuse of discretion in the record before us. Here the Commission determined that the rate case expense was prudent and we see nothing that requires, us to reverse that determination.
Therefore, the order appealed is affirmed in all respects.
ERVIN, JOANOS and BARFIELD, JJ., concur.