# THE CITY OF SOUTH MIAMI v THE DADE COUNTY FAIR HOUSING & EMPLOYMENT APPEALS BOARD and WAYLAND and WAYLAND v. DADE COUNTY FAIR HOUSING & EMPLOYMENT APPEALS BOARD, et al.

Case Nos. 88-160 AP and 88-215 AP

Eleventh Judicial Circuit, Dade County

March 27, 1990

## APPEARANCES OF COUNSEL

**Elizabeth Schwartz Syger, Esquire** and **James Crosland, Esquire,** for petitioner, City of South Miami.

**John McInnis, Esquire,** Assistant County Attorney, for respondent, Dade County Fair Housing & Employment Appeals Board.

**Jay M. Levy, Esquire,** for respondent, Paul Wayland.

Before SALMON, CARDONNE, KAHN, JJ.

## OPINION OF THE COURT

CARDONNE, J.

These appeals come before the court on writs of common law certiorari. The City of South Miami (City) moves to quash the May 4, 1988, Final Order of the Dade County Fair Housing and Employment Appeals Board (Board) which found that the City engaged in an unlawful employment practice against Paul Wayland. Paul Wayland moves to quash the Board's Amended Final Order of June 27, 1988, granting Wayland "mitigated back wages in the amount of $5,866.70," but failing to award prejudgment interest on the back wages. This court has consolidated these petitions for purposes of this opinion.

## I. FACTS

Wayland was hired by the City as its Assistant Finance Director in October 1983. In May of 1985, he was involved in an automobile accident and suffered a temporary physical disability. He subsequently returned to work on June 3, 1985, and was appointed Acting Finance Director, due to the resignation of the Finance Director at the time. June 6, 1985, was Wayland's last day of work. Wayland later submitted a doctor's note to the City indicating that he could return to work on June 12, 1985. He did not return to work on that day, and later he submitted another physician's note indicating that he was unable to work. The City requested that Wayland present a physician's certificate to indicate whether he could resume his former duties, but Wayland failed to provide the City with any documentation to indicate that he would be able to return to work. In a letter dated November 22, 1985, the City informed Wayland that he would not be re-employed in the Assistant Finance Director's position. Wayland subsequently filed a charge of discrimination against the City. The Board concluded in its May 4, 1988, order that Wayland was handicapped and that the City failed to articulate a legitimate nondiscriminatory reason for Wayland's termination. The Board further awarded "mitigated back wages in the amount of $5,866.70" in an Amended Final Order dated June 27, 1988.

## II. ISSUE

The issue before the court is whether the Board erroneously concluded that Wayland was handicapped, in accord with the essential requirements of law and supported by competent substantial evidence.

## III. HOLDING

We hold that the Board's conclusion was erroneous and therefore

reverse the original Final Order of May 4, 1988, and the subsequent Amended Final Order of June 27, 1988.

## IV. RATIONALE

This Court, as a reviewing court, is to analyze the quality and quantity of evidence upon which the Board based its decision in order to determine whether there was substantial and competent evidence to support the Board's findings. *Campbell v Vetter,* 392 So.2d 6 (Fla. 4th DCA 1980).

To state a prima facie case of handicap discrimination, a discharged employee must prove by a preponderance of the evidence that: 1) he is handicapped; 2) he is otherwise qualified for the position; and 3) he was discharged under the circumstances which give rise to an inference that his discharge was based solely on his handicap. *Puskin v Regents of University of Colorado,* 658 F.2d 1372 (10th Cir. 1981).

Respondents argue that the substantial and competent evidence that supports the Board's findings of handicap is Wayland's testimony that he was injured and the doctor's notes stating that Wayland temporarily could not perform his job duties. The City argues that Wayland's self-serving testimony and the doctor's note are not substantial evidence that Wayland was handicapped. The City further cites *Duvall Utility Co. v Florida Public Service Commission,* 380 So.2d 1028 (Fla. 1980), where the Florida Supreme Court states:

> [C]ompetent substantial evidence is "such evidence as will establish a substantial basis of fact from which the fact at issue can reasonably be inferred (or) . . . such relevant evidence as a reasonable mind would accept as adequate to support a conclusion."

380 So.2d 1028, 1031, quoting *DeGroot v Sheffield,* 95 So.2d 912, 916 (Fla. 1957).

There is no evidence to indicate that Wayland's doctor ever stated that Wayland was handicapped, nor did Wayland himself claim he was handicapped, until six months after his termination. Thus, the Board relied solely on Wayland's testimony and the doctor's notes as grounds for concluding that Wayland was handicapped. At best, the evidence shows that Wayland was temporarily injured; and thus the Board's Final Order departed from the essential requirements of law.

Based upon these findings, it is the court's holding that the Board's Final Order was not based on competent, substantial evidence and constituted a departure from the essential requirements of law. Because of this conclusion, we need not address the issue of prejudgment interest.

We therefore grant the motions to quash and reverse the Board's Final Order and Amended Final Order.

SALMON and KAHN, JJ., Concur.