ALTENBERND, Judge.
Michael Thomas Hayman appeals a nonfi-nal order of the circuit court, acting in its appellate capacity. The order denies his motion to supplement the circuit court record on appeal. We conclude that our jurisdiction to review this order is limited, at best, to common law certiorari. Although the state concedes that Mr. Hayman should be allowed to supplement the record on appeal, our record does not establish a basis for the issuance of a writ of common law certiorari. Moreover, the notice of appeal was not timely filed. Accordingly, we dismiss this proceeding.
Mr. Hayman pleaded nolo contendere in county court to DUI and reserved the right to appeal the issue of whether his prior driving record permitted this conviction to be treated as a third conviction. See § 316.-193(6)(e), Fla.Stat. (Supp.1992). Apparently, there are questions concerning the precise charge in one of the earlier cases and his right to counsel in one or more of those proceedings.
On appeal to the circuit court, Mr. Hay-man’s attorney discovered that her client’s official driving record and a transcript of an earlier proceeding in Brevard County had not been included in the record on appeal. The state agreed that the driving record had been presented to the county court and would normally be included in the record, but declined to stipulate to the supplementation. The transcript of the Brevard County proceeding was prepared after the hearing in county court. Nevertheless, the state also had no objection to its inclusion in the record.
On March 19,1993, the circuit court denied the motion to supplement the record. On April 5, 1993, Mr. Hayman’s attorney filed a motion for rehearing. The circuit court denied rehearing on May 6,1993. On June 23, 1993, Mr. Hayman’s attorney filed a “Notice of Appeal,” stating that the order on appeal is a nonfinal order and requesting a writ of certiorari.
This case presents a series of jurisdictional issues. First, we conclude that a nonfinal order entered by a circuit court in its appellate capacity is not an order that can be appealed under Florida Rule of Appellate Procedure 9.110 or 9.130. Mr. Hayman argues that this order is a nonfinal order entered after a final order and is appealable pursuant to rule 9.130(a)(4). We disagree because the nonfinal order denying the motion to supplement was not entered by the same court that entered the final judgment and sentence.
Second, our authority to review final orders rendered by the circuit court in its appellate capacity is limited to review by common law certiorari. See Fla.R.App.P. 9.100; Dooley v. Culver, 392 So.2d 575 (Fla. 4th DCA 1980); City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1980). Arguably, a nonfinal order entered by a circuit court in its appellate capacity could be reviewed by common law certiorari. Assuming that to be the case, Mr. Hayman has not demonstrated the ruling on his procedural motion is a departure from the essential requirements of the law resulting in a material injury irreparable by this court on review of the final order in his circuit court appeal.
Finally, although the parties have not suggested that this proceeding is untimely, it is clear that our jurisdiction was not properly invoked. Assuming a motion for rehearing under rule 9.330 in a circuit court appeal concerning a procedural motion stays rendition, see Fla.R.App.P. 9.020(g), the notice of appeal was filed more than thirty days after the order on rehearing. See Fla.R.App.P. 9.100(c).
The parties may not have raised this jurisdictional issue because of an order entered by the circuit court on June 18, 1993. That order appointed Ms. Frank as appellate counsel for Mr. Hayman and purported to give her ten days in which to file a notice of appeal. By the time that order had been entered, this court’s jurisdiction could not be invoked because the thirty-day period for appeal had elapsed. The trial court had no power to extend the time prescribed for the filing of the notice of appeal. Salinger v. *1099 Salinger, 100 So.2d 393 (Fla.1958); Gordon v. Green, 382 So.2d 1344 (Fla. 5th DCA 1980).
This proceeding is dismissed.
PARKER, A.C.J., and LAZZARA, J., concur.