PER CURIAM.
Petitioner seeks certiorari review of a non-final order of the circuit court sitting in its appellate capacity relinquishing jurisdiction to the county court to reexamine petitioner’s indigency status and determine whether a new publicly-funded attorney shall be appointed for petitioner. While we have authority to review final orders of the circuit court in its appellate capacity by common law certiorari, our review is limited to determining whether the petitioner received procedural due process and the court applied the correct law. See City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982).
Whether the courts of appeal have certiorari jurisdiction over non-final orders of the circuit court sitting in its appellate capacity is questionable. Cf. Hayman v. State, 634 So.2d 1097, 1098 (Fla. 2d DCA 1994). As with all petitions for certiorari, we must first determine whether a truly irreparable injury is alleged. See Bared & Co. v. McGuire, 670 So.2d 153, 156 (Fla. *807 4th DCA 1996). Although irreparable injury can occur as a result of a non-final order of a trial court, it is difficult for us to conceive of a non-final order of an appellate court which would cause irreparable injury.
In the instant case, the order of the circuit court simply remands the issue of petitioner’s indigency to the county court for redetermination. Petitioner’s application for indigent status has not been denied. Thus, no irreparable injury has occurred. Even if the county court were to deny his status as an indigent and deny him court-appointed counsel, he would be able to seek review of that order by the circuit court. The circuit court’s denial of a motion to review such an order also would not amount to irreparable injury because in certiorari proceedings after entry of a final order in the circuit court sitting in its appellate capacity, the court of appeal reviews whether procedural due process has been given, which would include denial of counsel claims.
Petitioner having failed to show irreparable injury, we dismiss this petition for certiorari.
WARNER, FARMER and KLEIN, JJ., concur.