# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2616
Lower Tribunal No. 06-9516
_____


**Meryl M. Lanson, et al.,**
Appellants,

vs.

**Justus W. Reid, et al.,**
Appellees.



An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Mary Alice Gwynn, P.A., and Mary Alice Gwynn (Delray Beach), for appellant Baron's Stores, Inc.; Meryl M. Lanson, in proper person.

Boyd Richards Parker & Colonnelli, P.L., and Frank Colonnelli, Jr., and Craig J. Shankman, for appellees.


Before EMAS, C.J., and LINDSEY, and HENDON, JJ.

LINDSEY, J.

## *ON MOTION TO DISMISS*

Appellees, Justus W. Reid; Justus W. Reid, P.A.; Peter Bernhardt; and Reid, Metzger, & Bernhardt, P.A., move to dismiss this appeal of a final order dismissing Appellants', Meryl Lanson; the Estate of Norman Lanson;[1] and Baron's Stores, Inc., Amended Complaint with prejudice.[2] Because the notice of appeal was untimely filed, we grant the motion to dismiss for lack of jurisdiction.

The trial court dismissed the Amended Complaint on March 27, 2017. Appellants did not seek rehearing and did not file a notice of appeal within 30 days. The notice of appeal was not filed until December 21, 2018, more than 20 months after rendition of the dismissal order. It was only after the trial court denied rehearing as to the Appellees' award of attorneys' fees that Appellants filed the notice of appeal. As the notice of appeal was not filed within the original 30-day period, the Appellees filed a motion to dismiss this appeal as untimely. However, according to Appellants' response to the motion to dismiss, Appellants timely filed a motion to vacate the judgment on October 11, 2017 alleging the

---

[1] Meryl Lanson is acting individually and as the personal representative of the Estate of Norman Lanson.

[2] The Appellees sought dismissal only as to the appeal of the March 27, 2017 Final Order of Dismissal. Appellees did not move to dismiss the other two orders being appealed regarding attorneys' fees. The Appellees also seek clarification as to Appellant Meryl Lanson's ability to proceed pro se in her role as the personal representative of the Estate of Norman Lanson without establishing that she is also the sole interest in the estate. We decline to address the Motion for Clarification without prejudice to Appellees' ability to raise that issue in the trial court.

dismissal order was void as it was obtained through fraud on the court. See Fla. R. Civ. P. 1.540(b) ("The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than a 1 year . . . ."). Appellants argue in their response that the dismissal order was not a final, appealable order because the trial court's failure to rule on the motion to vacate suggests additional judicial labor. Appellants' argument is incorrect.

It is well-established that an order dismissing a complaint with prejudice is a final, appealable order. See GMI, LLC v. Asociacion del Futbol Argentino, 174 So. 3d 500 (Fla. 3d DCA 2015). A motion seeking to vacate a final judgment does not change the order's finality. See Fla. R. Civ. P. 1.540(b) ("A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation."). Nor does it suspend rendition of the final order. See Fla. R. App. P. 9.020(h)(1).

Only the narrow list of motions under Florida Rule of Appellate Procedure 9.020(h)(1) postpone rendition of a final order and toll the time for filing a notice of appeal. By their own admission, Appellants did not file any such motion within 15 days. See Fla. R. of Civ. P. 1.530(b) ("A motion for . . . rehearing shall be served not later than 15 days."). Accordingly, Appellants were required to file a notice of appeal within 30 days of dismissal to invoke this Court's jurisdiction.

See Fla. R. App. P. 9.110(b). They failed to do so. As such, the notice of appeal was untimely.

Because this Court lacks jurisdiction to review the order dismissing Appellants' complaint, we grant Appellees' motion to dismiss the appeal as untimely without prejudice to Appellants to seek a ruling from the trial court – if it has not already ruled – on their October 11, 2017 motion to vacate for fraud on the court. See Falkner v. Amerifirst Fed. Sav. And Loan Ass'n, 467 So. 2d 746 (Fla. 3d DCA 1985) (citing Griffin v. Tauber-Manon Assocs., Inc., 452 So. 2d 577 (Fla. 3d DCA 1984)).

Dismissed.